```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Waite, Schneider, Bayless          :
    & Chesley Co. L.P.A.,                Case No. 1:11-cv-0851

        Plaintiff,                 :
                                         JUDGE JAMES L. GRAHAM
    v.                             :
                                         Magistrate Judge Kemp
Allen L. Davis,                    :

        Defendant.                 :

<u>OPINION AND ORDER</u>

This case is before the Court to consider the motion for a protective order filed by defendant Allen L. Davis.  Plaintiff Waite, Schneider, Bayless & Chesley Co. L.P.A. (the Firm) has opposed the motion and the motion has been fully briefed.  For the following reasons, the motion for a protective order will be granted to the extent set forth below.

## I.  <u>Background</u>

The Firm filed this collection case against Mr. Davis seeking the recovery of legal fees incurred in connection with its representation of Mr. Davis in litigation involving CNG, a corporation of which he was the minority shareholder, and his sons, the controlling shareholders of CNG.  Mr. Davis filed an answer and counterclaim.  In his counterclaim, Mr. Davis asserts claims of breach of contract, breach of fiduciary duty, and malpractice, and requests a declaratory judgment holding that the Firm is not entitled to a fee of any kind.

## II.  <u>The Motion</u>

According to the parties' filings, they have attempted to agree on the terms of a proposed protective order but have reached an impasse on two primary issues.  Consequently, Mr.

Davis' motion for a protective order addresses only these specific unresolved issues.  In connection with the motion, both parties have submitted proposed drafts of a protective order.

The first issue raised by the motion is Mr. Davis' request for the inclusion of an "attorneys' eyes only" designation. According to Mr. Davis, this designation should be available for documents relating to his sale of stock back to CNG in September, 2011.  These documents memorialize the resolution of the disputes between Mr. Davis and CNG and include a Redemption Agreement. Mr. Davis contends that an attorneys' eyes only designation is required because the Redemption Agreement contains strict confidentiality provisions.  Further, Mr. Davis asserts that counsel for CNG has stated specifically that such a designation is the only one acceptable given Mr. Chesley's breach of a previous confidentiality agreement.  Mr. Davis has submitted an affidavit from his trial counsel with a letter from counsel for CNG attached as an exhibit.  According to the letter, CNG believes that Mr. Chesley breached the terms of a prior confidentiality agreement, entered into in June, 2005, by including the allegations set forth in paragraphs 22 and 23 of the complaint in this case.  As is typical, this designation allows for disclosure only to counsel, consultants, investigators and experts, and others by written consent of the producing party.  In support of his position that these documents are entitled to an attorneys' eyes only designation, Mr. Davis relies on In re CFS-Related Securities Fraud Litigation, 2003 WL 24136089 (N.D. Ok. July 31, 2003).

The second issue arises from the Firm's position that any documents Mr. Davis provided to the Firm in connection with its representation of him in the underlying matter should be prohibited from being designated as confidential.  Mr. Davis contends that throughout the Firm's representation of him, he

2

shared confidential documents with the Firm including documents relating to his financial condition, such as tax returns, and those relating to the operation of his business affairs, including CNG.  According to Mr. Davis, these documents contain client confidences and, therefore, not only should be treated as confidential, but the Firm has an ethical obligation under the Ohio Rules of Professional Conduct to treat them as such.  To this end, Mr. Davis seeks a protective order which does not specifically exclude these documents from the definition of confidential.

Finally, with respect to both designations, Mr. Davis contends that the Firm's resistance to his proposed protective order is premature because, to the extent that there is disagreement about whether a particular document is subject to a particular designation, the protective order includes a procedure to address objections.

In its response, the Firm questions Mr. Davis' motivation in what it characterizes as an attempt to hide these documents from the public on the heels of his very public thrashing of the Firm in his counterclaim.  Initially, the Firm argues that Mr. Davis has neither acknowledged nor met the good cause standard of Fed.R.Civ.P. 26(c) required for the issuance of his proposed protective order.  With respect to the attorneys' eyes only designation specifically, the Firm contends that Mr. Davis has failed to assert any harm that he may suffer if the documents at issue are shared with the Firm.  According to the Firm, this stands in marked contrast to the harm it will suffer if it is prohibited from seeing documents "critically necessary" to its defense against the counterclaim.  The Firm summarily dismisses any concerns over the alleged breach of the previous confidentiality agreement by more than once construing Mr. Davis' argument as resting on conduct that "supposedly **occurred more**

**than 7 years ago**." See Memorandum in Opposition (Doc. #42), p. 6 (emphasis in original).

Further, with respect to the attorneys' eyes only designation, the Firm contends Mr. Davis' request is wholly unsupported by the law and, moreover, is completely at odds with the Sixth Circuit's well-established presumption in favor of public access to judicial records. The Firm cites to <u>Wedgewood Ltd. Partnership I v. Twp. of Liberty</u>, 2007 WL 1796089 (S.D. Ohio June 21, 2007) as an example of a holding from this Court applying this standard in the context of denying a requested attorneys' eyes only designation and holding that some demonstration of harm must be present to justify filing any such documents under seal. The Firm also contends that the <u>CFS</u> case relied upon by Mr. Davis is easily distinguishable from this case because in <u>CFS</u> the documents at issue related only to the bias and credibility of certain witnesses whereas here they are "critical" to the Firm's claims and defenses. The Firm seems to suggest, however, that a confidentiality designation would still limit the dissemination of these specific documents and seems to recognize that the protective order contains safeguards to address challenges to any designation.

With respect to its position that documents exchanged in the context of the Firm's representation of Mr. Davis should be excluded from the definition of confidential, the Firm devotes a significant portion of its response to discussing the inapplicability of the attorney-client privilege to these documents. Citing to Rule 1.6(b)(5) of the Ohio Rules of Professional Conduct, the Firm argues at length that because Mr. Davis has put its representation at issue, it is able to reveal any of his client information necessary for its defense. While recognizing that Mr. Davis' stated intention in seeking a confidential designation is merely to prevent the disclosure of

4

this information to third parties, the Firm explains that Mr. Davis simply is attempting to place too tight of a restriction upon its ability to defend itself.

The Firms' proposed order, in addition to excluding the attorneys' eyes only provision contained in Mr. Davis' proposed draft, contains the following exclusion at paragraph 4:

> 4. **Documents Which Shall Not be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.** Nothwithstanding any other provision of this Order and pursuant to Rule 1.6 of the Ohio Rules of Professional Conduct, no party shall designate any of the following as Confidential: (a) any documents exchanged between Plaintiff and Defendant prior to the filing of this lawsuit; (b) documents in the public record or otherwise publicly available; (c) documents in Plaintiff's possession as a result of the underlying representation described in the pleadings, unless such documents are subject to a protective order in the underlying litigation; (d) documents produced to another person, entity or governmental agency without a confidential designation or protection; or (e) documents filed as part of any court or administrative proceeding.

In reply, Mr. Davis contends that he has asserted good cause for the attorneys' eyes only designation for the reasons plainly stated in his motion.  Further, Mr. Davis argues that the Firm's claim of prejudice does not withstand scrutiny because he is merely proposing to limit, not prevent, the disclosure of these documents.  That is, Mr. Davis does not believe that the Firm can possibly suffer any harm when its counsel will have full access to the resolution documents.

With respect to the issue of the confidentiality of documents exchanged during the Firm's representation of Mr. Davis, he asserts that he has demonstrated good cause based on the Firm's ethical obligations to protect client confidences. Further, Mr. Davis argues that, despite the Firm's lengthy attorney-client privilege argument, that privilege is not at

issue here.  Additionally, Mr. Davis contends that the fact that he has a dispute with the Firm does not change the confidential nature of these documents outside the context of this litigation.  Mr. Davis acknowledges that, to the extent any of these documents are relevant, there is no question that they can be used in this case.  Consequently, he argues, the Firm's claims of prejudice are without merit because he is in no way attempting to foreclose its use of these documents in connection with its defense.

### III. Analysis

As set forth above, both parties have submitted drafts of proposed protective orders.  A review of these drafts indicates that, as the parties have noted in their briefing, they have been able to agree on many terms.  However, the proposed drafts differ in two significant ways.  First, Mr. Davis' proposed draft contains an attorneys' eyes only designation at paragraph 6 which is absent from the Firm's.  Second, the Firm's proposed draft contains an exemption from a designation of confidentiality for certain documents identified at paragraph 4 and this exemption is absent from Mr. Davis'.  The only other difference is that Mr. Davis' draft contains a paragraph addressed to the issue of inadvertent production which the Firm's does not.  The parties have not raised an issue regarding the inadvertent production language and the Court will not address it here.  Rather, as discussed above, the issues before the Court are whether an attorneys' eyes only designation should be permitted for what Mr. Davis has termed "the resolution documents" and whether certain documents, specifically documents provided to the Firm during its representation of Mr. Davis, should be excluded from receiving a designation of confidential.  Both proposed drafts of the protective order contain provisions to address objections to any designation and each contains a non-waiver provision.

Although a court is vested with broad discretion to grant or

deny a protective order, that discretion is "limited by the careful dictates of Fed.R.Civ.P. 26." Procter & Gamble Co. v. Bankers Trust Co., 78 F.3d 219, 227 (6th Cir. 1996). The burden of establishing good cause for a protective order rests with the party seeking the protection. Nix v. Sword, 11 Fed.Appx. 498, 500 (6th Cir. 2001) citing General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973).

Initially, the issues raised by the parties' briefing involve both the treatment of certain documents during the discovery process and the treatment of these same documents upon filing with the Court. In challenging Mr. Davis' motion for a protective order, the Firm makes no such distinction. Rather, even a cursory reading of the Firm's response indicates that much of its resistance to the protective order as proposed by Mr. Davis focuses on the potential impact on the ability of this information to be made available on the public record. However, as explained in Wedgewood,

> A court may more readily impose restrictions on disclosure of documents not traditionally made public. See, e.g., Seattle Times Co. v. Rhinehart, 467 U.S. 20, 31-33 (1984)(referring to information gathered in traditionally private pretrial civil discovery and not yet publicly disseminated); Bankers Trust Co., 78 F.3d at 225 (same). Discovery is conducted in private and restrictions on the public disclosure of such information is much more readily available. Seattle Times Co., 467 U.S. at 33 n. 19. "Private documents collected during discovery are not judicial records, and ... private litigants have protectable privacy interests in confidential information contained in such documents." Howes v. Ashland Oil, Inc., 1991 WL 73251,*7 (6th Cir.1991) (unpublished)(citing United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir.1986) and Seattle Times Co., 467 U.S. 20). In this regard, the "central issue ... is not the relatively slight right of public access in this context, but whether the protective order was an appropriate means of facilitating discovery while respecting the rights" of others. The Courier Journal v. Marshall, 828 F.2d 361,

7

> 367 (6th Cir.1987) (dealing with a request to disclose the membership of a Ku Klux Klan organization). This is true even in instances involving subjects of undeniable public interest. <u>Seattle Times Co.</u>, 467 U.S. at 31 (upholding prohibition on public dissemination of information of non-public discovery even where "there certainly is a public interest in knowing about respondents"); <u>The Courier Journal</u>, 828 F.2d at 363(protective order approved even where the proceedings were "of intense public concern.")

<u>Id</u>., 2007 WL 1796089, *3.

Consequently, in the Court's view, there is a distinction between limiting disclosure of discovery materials and limiting access when a document is filed or used in connection with a public proceeding. Without question, as the Firm argues at length, a Court's ability to restrict access to public information is significantly narrowed. <u>See</u> <u>Brown & Williamson Tobacco Corp. v. F.T.C.</u>, 710 F.2d 1165 (6th Cir. 1983). If the current issues were being raised in connection with a motion to seal, the Firm's argument regarding public access would be more compelling.

The Court does not currently have before it a motion to seal, however, but a motion for a protective order in which the parties have agreed on the inclusion of a procedure for challenging a document's designation and for seeking modifications of the protective order, and which recognizes that any filing of documents under seal must be made pursuant to the rules of this Court. Moreover, there is no question that the scope of protective orders always remains subject to the right of public access to the courts. Further, "a protective order is always subject to modification or termination for good cause, even where the parties' have consented to its entry." <u>In re Southeastern Milk Antitrust Litigation</u>, 666 F.Supp.2d 908, 914 (E.D. Tenn. 2009)(internal citations omitted); <u>see also</u> <u>In re Upjohn Co. Antibiotic Cleocin Products Liability Litigation</u>, 664

F.2d 114 (6th Cir. 1981) (recognizing a district court's power to modify a protective order).

With all of the above in mind, the Court will turn first to the issue involving the availability of an attorneys' eyes only designation. The entry of a protective order to maintain the secrecy of confidential settlement agreements is generally an accepted use of the Court's discretion. In fact, the Firm concedes as much when it makes passing reference to the potential use of a "confidential" designation for the resolution documents. See Response (#42), p. 9. As indicated in his motion, however, Mr. Davis does not believe a confidential designation is sufficient to avoid the potential for disclosure. Consequently, the issue before the Court is whether Mr. Davis has established good cause for the availability of the most restrictive attorneys' eyes only designation for the resolution documents.

Courts frequently allow such a designation when especially sensitive information is at issue. However, the Court also is mindful that a party seeking such a designation must describe the alleged harm it will suffer from any disclosure "with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Nemir v. Mitsubishi Motors Corp., 381 F.3d 540, 550 (6th Cir. 2004). In the business context, such a showing requires "specific demonstrations of fact, supported where possible by affidavits and concrete examples ..." Deford v. Schmid Prod. Co., 120 F.R.D. 648, 653 (D. Md.1987), accord Tinman v. Blue Cross & Blue Shield of Mich., 176 F.Supp.2d 743, 745-46 (E.D. Mich. 2001). Certainly a request for an attorney's eyes only designation is "the most restrictive possible protective order, confining dissemination of discovery materials to plaintiff's attorneys and expert witnesses only" and its overuse makes it "difficult, and perhaps impossible for an attorney to counsel a client to compromise or even abandon a case

on the basis of information kept secret from the client." Arvco Container Corp. v. Weyerhaeuser Co., 2009 WL 311125 (W.D. Mich. Feb. 9, 2009).

Although highly restrictive in nature, the Court notes that an attorney's eyes only designation for confidential settlement agreements involving third-parties is not unusual. See, e.g., Golf Science Consultants, Inc. v. Cheng, 2009 WL 368371 (E.D. Tenn. February 13, 2009); CFS, 2003 WL 24136089. Consistent with this precedent, the Firm does not go so far as to argue that settlement documents involving third-parties should not reasonably be considered sensitive information. Rather, the basis for the Firm's challenge to the use of such a designation in this case is that these documents are not merely relevant but are "critically necessary" to its defense against Mr. Davis' counterclaims. The Firm does not address how this information is so crucial to its defense, but the Court certainly recognizes that some potential might exist given the nature of the claims in this case.

At the same time, however, Mr. Davis has offered more than simply conclusory assertions regarding his need for the availability of the attorneys' eyes only designation. Rather, Mr. Davis has submitted an affidavit from counsel and a letter from CNG's counsel stating that CNG requests the designation given the strict confidentiality provisions contained in the Redemption Agreement and surrounding documents. Further, this information indicates that CNG's reluctance to agree to a less restrictive designation is based on its belief that the Firm breached a prior confidentiality agreement in connection with allegations made in this case.

The Firm does not specifically argue that the allegations contained in paragraphs 22 and 23 of the complaint in this case do not constitute a violation of a previous protective order.

10

Rather, the Firm attempts to minimize this perception by characterizing this alleged breach as distant history.

While the Court recognizes that the resolution documents might contain information necessary to the Firm's defense of the counterclaims, the Court concludes that Mr. Davis has demonstrated good cause for the availability of an attorneys' eyes only designation in a protective order. Based on the current record, he has shown the risk for disclosure of confidential information such that it is a better exercise of the Court's discretion to allow for the availability of an attorneys' eyes only designation. The Firm has not directly challenged this demonstration other than to dismiss it as having "supposedly occurred seven (7) years ago." Further, the Firm has not set forth much other argument on this issue. The Court does not find persuasive the Firm's intimation that Mr. Davis' failure to provide a copy of the resolution documents to the Court for review somehow casts suspicion on the existence of any strict confidentiality provisions. Additionally, the Court is not convinced that the Firm will be compromised in its defense of the counterclaim if, at least at this point, only its counsel is able to view any resolution documents designated as attorneys' eyes only.

In reaching this conclusion, the Court makes it clear that it views Mr. Davis' motion as seeking only the availability of an attorneys' eyes only designation and that this designation will not be available for any documents other than the "resolution documents" - the Redemption Agreement and surrounding documents. Without having seen the documents at issue the Court is not making an advance ruling about the appropriateness of any particular document's designation. Rather, the Firm, under the terms of the protective order already agreed to by the parties, retains the ability to challenge any designation once it has

received the documents.  This ability will allow for any challenge to the designation if the confidentiality concerns, or any other basis asserted for the availability of the designation, are not as portrayed by Mr. Davis.  In short, the Court agrees with Mr. Davis that the Firm's current challenge presented here is premature.

The Court will now turn to the issue involving any documents in the Firm's possession as a result of its representation of Mr. Davis in the underlying litigation.  As the Court reads Mr. Davis' motion and his proposed protective order, it is not so much that Mr. Davis wants a specific designation in the protective order that these documents are confidential as that he does not want to be bound by the wholesale exclusion of these documents from that designation as proposed by the Firm in its draft protective order.  Stated another way, the Firm essentially is seeking to preclude by the specific terms of a protective order Mr. Davis' ability to designate an entire category of documents as confidential.  The Firm's entire argument on this issue is that Mr. Davis cannot rely on the attorney-client privilege as a basis for withholding documents.  Mr. Davis contends, however, and the Court agrees, that attorney-client privilege is not the issue here because Mr. Davis is not attempting to withhold these documents on grounds of privilege.  Rather, recognizing that documents exchanged during the attorney-client relationship may be deserving of confidential treatment, Mr. Davis simply is seeking to retain the ability to designate certain documents as such and prevent their disclosure outside of this litigation.

The proposition that documents exchanged during the attorney-client relationship may contain confidential information does not warrant much discussion and is not seriously disputed by the Firm.  The Firm's misplaced reliance on the Ohio Rules of

12

Professional Conduct does not require a conclusion to the contrary.  The Firm has not offered any alternative argument in support of its proposed exclusion nor has it seriously asserted any prejudice it will suffer from any confidential designation of particular documents.  In light of this, the Court will grant Mr. Davis' motion for a protective order to the extent that he seeks the availability of a confidential designation for documents already in the Firm's possession as a result of its representation of Mr. Davis in the underlying litigation.  Conversely, the Court rejects any notion put forth by the Firm that it is entitled to a wholesale exclusion of these documents from such a designation.

However, as with the attorneys' eyes only designation, the Court is not making a ruling as to whether any particular document is deserving of a confidential designation.  Again, as the Firm notes, the Court does not have any of the specific documents before it for consideration.  Rather, the Court views Mr. Davis' motion as seeking only to avoid the outright unavailability of a confidential designation for the documents at issue.  Under the terms of the protective order already agreed to by the parties, the Firm retains the ability to challenge any designation of confidentiality once that designation has been made.

Finally, the Court finds it necessary to remind the parties that this order is not to be read as addressing the issues that arise in connection with a motion to seal documents from the public record.  Rather, should a document designated as confidential or attorneys' eyes only be necessary to an otherwise public filing, that document may be filed under seal only with leave of Court upon a showing of good cause and only to the extent necessary to preserve established privacy interests.

For all of these reasons, to the extent that Mr. Davis'

motion for a protective order seeks the availability of an attorneys' eyes only designation it will be granted.  Further, to the extent that the motion seeks the availability of a confidential designation for documents within the Firm's possession as a result of its representation of Mr. Davis in the underlying litigation, the motion will be granted.

### IV.  Conclusion

Based on the foregoing, the motion for a protective order (#41) is granted to the extent set forth above.  The parties shall submit a proposed protective order consistent with this order reflecting their agreements and the terms of this order within fourteen days.

### APPEAL PROCEDURE

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge