```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION


Waite, Schneider, Bayless       :
    & Chesley Co. L.P.A.,            Case No. 1:11-cv-0851

        Plaintiff,              :
                                     JUDGE JAMES L. GRAHAM
    v.                          :
                                     Magistrate Judge Kemp
Allen L. Davis,                 :

        Defendant.              :
```

OPINION AND ORDER

This case is before the Court to consider the motions filed by defendant Allen L. Davis to quash subpoenas issued to Baker & Hostetler, CNG, and Squire Sanders.  Plaintiff Waite, Schneider, Bayless & Chesley Co. L.P.A. (the Firm)  has opposed the motions and the motions have been fully briefed.  For the following reasons, the motion to quash the subpoena issued to Baker & Hostetler will be granted.  The motion to quash the subpoenas issued to CNG and Squire Sanders will be denied.

I.  Background

The Firm filed this collection case against Mr. Davis seeking the recovery of legal fees incurred in connection with its representation of Mr. Davis in litigation involving CNG, a corporation of which he was the minority shareholder, and his sons, the controlling shareholders of CNG.  That litigation is referred to by the parties as the "Hamilton County Action."  Mr. Davis filed an answer and counterclaim.  In his counterclaim, Mr. Davis asserts claims of breach of contract, breach of fiduciary duty, and malpractice, and requests a declaratory judgment holding that the Firm is not entitled to a fee of any kind.

As is relevant to the current motions, Mr. Davis's breach of

contract claim arises from the Firm's alleged refusal to represent him in what the parties refer to as "other matters" or "Other Actions." These other matters are identified in the counterclaim as the "Tax Court Litigation," the "Sarasota Litigation," and the "Florida Close Corporation Agreement Litigation." Mr. Davis was represented by Baker & Hostetler in the Tax Court Litigation, by Shumaker, Loop & Kendrick in the Florida Close Corporation Agreement Litigation and the Sarasota Litigation, and by Livingston, Patterson, Strickland & Siegel in the Sarasota Litigation.

Baker & Hostetler also represented Mr. Davis in connection with the negotiation of his sale of stock back to CNG following the agreed dismissal of the Hamilton County Action. This negotiation resulted in a Redemption Agreement between CNG and Mr. Davis containing strict confidentiality provisions. Squire Sanders represented CNG in this negotiation.

The Redemption Agreement and surrounding documents were the subject of a previous order of this Court. Mr. Davis' motion for a protective order was, in part, addressed to the need for the availability of an "attorneys' eyes only" designation for the resolution documents - the Redemption Agreement and surrounding documents - based on CNG's confidentiality concerns. By order dated August 21, 2012, the Court directed that the protective order allow for such a designation, limited specifically to the resolution documents. See Doc. #45, p. 11.

Similarly, communications between Mr. Davis and his other attorneys relating to the Other Actions also were the subject of a previous order of this Court. The Firm filed a motion to compel Mr. Davis to produce documents relating to the Other Actions, including billing records and communications. In its motion, the Firm relied specifically on the Ohio Supreme Court case of Squire, Sanders & Dempsey, LLP v. Givaudan Flavors Corp.,

2

127 Ohio St.3d 161 (2010), in arguing that the self-protection exception to the attorney-client privilege applied not only to the disclosure of confidences between Mr. Davis and the Firm but to confidences between Mr. Davis and the other firms because this information was "necessary" to the Firm's defense in this action. The Court disagreed with the Firm's reading of <u>Squire Sanders</u> and interpretation of the self-protection exception and denied the motion to compel.  It is against this backdrop that the current motions to quash will be considered.

## II.  The Motions to Quash

The first motion to quash is addressed to a subpoena issued by the Firm to Baker & Hostetler, LLP.  The second motion to quash is addressed to subpoenas issued to CNG and Squire Sanders.  Both motions request an award of sanctions against the Firm for its conduct in issuing the subpoenas.

According to the notice of record depositions and subpoena duces tecum filed by the Firm (Doc. #51), it requests the following documents from each of the non-parties:

(i) The Redemption Agreement;

(ii) Negotiations that culminated in the Redemption Agreement;

(iii) Attempts to settle or resolve the disputes that were subject of the Hamilton County Litigation, the Tax Court Litigation, the Sarasota Litigation, and/or the Florida Close Corporation Litigation;

(iv) The purchase, potential purchase, redemption, or potential redemption of all or a portion of the shares of CNG stock owned by Davis;

(v) The Hamilton County Litigation;

(vi) The Tax Court Litigation;

(vii) The Sarasota Close Corporation Litigation;

(viii) The Florida Close Corporation Litigation;

(ix) This Litigation; and/or

(x) The Waite Law Firm's representation of Davis.

With respect to the subpoena issued to Baker & Hostetler, Mr. Davis argues that it should be quashed for three reasons. First, Mr. Davis contends that he has already produced, at great time and expense and with Baker's assistance, the requested documents to the extent that they are not protected by the attorney-client privilege or under the work product doctrine. As a result, the subpoena is duplicative and unduly burdensome. Second, Mr. Davis asserts that the subpoena seeks protected communications between Baker & Hostetler and the other law firms representing him. To the extent that these communications include Mr. Davis, he contends that they are protected by the attorney-client privilege. To the extent that the documents relate to communications among counsel representing him, Mr. Davis argues that these documents are protected by the work-product doctrine. Finally, Mr. Davis asserts that, to the extent the subpoena seeks communications relating to the Redemption Agreement and surrounding documents - documents subject to the attorneys' eyes only designation of the protective order - the Firm is attempting to obtain these documents from a non-party without disclosing the applicability of the protective order. For these reasons, Mr. Davis contends that the Firm's conduct in issuing the subpoena to Baker & Hostetler is so egregious as to warrant sanctions.

With respect to the subpoenas issued to CNG and Squire Sanders, Mr. Davis argues that these subpoenas should be quashed in part. Specifically, Mr. Davis contends that they should be quashed to the extent that the Firm seeks documents designated as confidential or attorneys' eyes only consistent with the protective order - in other words, the Redemption Agreement and surrounding documents. According to Mr. Davis, he has produced to the Firm, with the proper designation, all non-privileged

4

resolution documents within his control. To this extent, Mr. Davis, suggests, the subpoenas are duplicative. However, to the extent that CNG or Squire Sanders may be in possession of additional resolution documents, Mr. Davis argues these documents should also be designated as attorneys' eyes only. Mr. Davis characterizes the Firm's failure to alert these non-parties to the restrictions of the protective order as an attempt to circumvent the protective order, and worthy of sanctions.

In response, with respect to the subpoena issued to Baker & Hostetler, the Firm contends that if all responsive documents have been produced, Baker & Hostetler could have said so in response to the subpoena. The Firm dissects the language of the motion and counsel's supporting declaration, focusing on the absence of the word "all" when stating that responsive, non-privileged documents have been produced. According to the Firm, this language demonstrates that Baker & Hostetler is in possession of additional documents which Mr. Davis does not want to disclose. As further support for its claim that Mr. Davis has withheld documents necessitating the subpoena to Baker & Hostetler, the Firm notes that he has produced "less (sic) than 16,000 pages of documents" and identified approximately 9,000 pages of documents in his privilege log in comparison to the over 350,000 pages it has produced. Specifically, the Firm asserts that Mr. Davis has neither produced nor identified in his privilege log several categories of documents, including engagement agreements, invoices, direct evidence of payments of his legal fees to Baker & Hostetler, and documentation and work product supporting $4.5 million dollars in fees.

With respect to the subpoenas to CNG and Squire Sanders, the Firm contends that there are no grounds to quash the subpoenas. For example, the Firm notes that, in his motion, Mr. Davis does not challenge the relevance of the requested documents, nor does

5

he claim that he is in possession or control of the documents so that the issuance of the subpoenas was unnecessary.  Further, the Firm argues that Mr. Davis has not established that he has standing to seek to have these subpoenas quashed.  In addressing the issue of sanctions relating to all of the subpoenas, the Firm flatly rejects Mr. Davis' concerns regarding the protective order by asserting that, given the history surrounding this litigation, it is not possible for these non-parties to be unaware of the terms of the protective order.

In reply, Mr. Davis contends that, contrary to the Firm's interpretation, his motion to quash the Baker & Hostetler subpoena plainly states that all relevant, non-privileged documents in that firm's possession have been produced.  Further, Mr. Davis contends that the Firm's argument is misdirected because, if the Firm is attempting to obtain information from Baker & Hostetler based on a belief that Mr. Davis has not turned over all relevant, non-privileged documents in that firm's possession, the Firm should pursue a motion to compel against Mr. Davis rather than issue a subpoena to Baker & Hostetler.  According to Mr. Davis, at the outset of this litigation, the parties agreed that the documents in Baker & Hostetler's possession are in his custody and control for purposes of Fed.R.Civ.P. 34.  As Mr. Davis sees it, for the Firm now to have changed its view of the custody and control issue and directed a subpoena to Baker & Hostetler would require that firm to repeat precisely the same activities undertaken in assisting Mr. Davis with the disclosure of the requested documents.

Moreover, Mr. Davis asserts, the Court's ruling denying the Firm's motion to compel has effectively quashed the Baker & Hostetler subpoena at this point, at least in part.  According to Mr. Davis, the Baker & Hostetler subpoena seeks, in large part, to obtain communications between him and his counsel in the Other

6

Actions.  However, the Court already has rejected the Firm's argument that these documents are not shielded from disclosure by the attorney-client privilege or work product doctrine.

In his reply relating to the subpoenas issued to CNG and Squire Sanders, however, Mr. Davis does not address the standing issue.  Rather, he argues that the Firm has failed to dispute the confidential nature of the requested resolution documents. Further, Mr. Davis states that, to the extent that documents from the four categories outlined by the Firm have not yet been produced or have been overlooked, he will remedy that failure. He disputes that his possible failure to produce some relevant documents supports any inference that he is intentionally withholding relevant, non-privileged documents.  With respect to the issue of sanctions, Mr. Davis sets forth the Firm's conduct in this litigation to date and argues that the issuance of subpoenas in light of this history requires sanctions.

### III.  Analysis

Turning first to the subpoena issued to Baker & Hostetler, in considering whether to quash a subpoena, the Court looks to Fed.R.Civ.P. 45(c)(3).  Rule 45(c)(3)(A) sets forth circumstances in which a court is required to grant a motion to quash and Rule 45(c)(3)(B) sets forth circumstances under which a court may, in its discretion, do so.  Under Rule 45(c)(3)(A), a court is required to quash a subpoena which requires the disclosure of privileged or other protected matter, if no exception or waiver applies, or which subjects a person to undue burden.  Rule 45(c)(3)(A)(iii), (iv).  Whether a subpoena imposes an "undue burden" depends on the facts of the case including the need for the documents or their relevance.  Kessler v. Palstar, Inc., 2011 WL 4036689, *1 (S.D. Ohio 2011) citing American Elec. Power Co. v. United States, 191 F.R.D. 132, 136 (S.D. Ohio 1999).  Also relevant to the Court is Fed.R.Civ.P. 26(b)(2)(C) which requires


a court to limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(2)(C)(i), (iii)

    Here, the Firm does not dispute that, through the subpoena to Baker & Hostetler, it seeks documents it previously sought from Mr. Davis. Moreover, the Firm specifically agrees with Mr. Davis that the documents held by Baker & Hostetler are within his custody and control for purposes of discovery in this case. The gist of the Firm's response seems to be that the subpoena to Baker & Hostetler was necessitated by Mr. Davis' failure to comply fully with his discovery obligations. The Firm bases this belief on the disparate volume of documents produced by Mr. Davis when compared to its production. The Firm also suggests, by way of a footnote, that it believes many documents have been improperly withheld on grounds of privilege. The Firm also identifies four specific categories of documents which it believes Mr. Davis has not produced.

    The Court will turn briefly to the privilege issue. With respect to the Firm's suggestion that the subpoena was necessary because Mr. Davis improperly has withheld many documents on grounds of privilege, as noted, the Court already has addressed the Firm's arguments on this issue in detail in denying the motion to compel. As discussed above, subsequent to the issuance of the subpoenas, the Court held that the self-protection exception to the attorney-client privilege does not apply to communications between Mr. Davis and his counsel in the Other Actions nor, as the Firm had argued by extension, did the self-protection exception overcome the work product doctrine. Accordingly, the motion to quash will be granted to the extent

that the Firm is seeking the disclosure of privileged or otherwise protected documentation which was the subject of the motion to compel.

Turning to the four categories of documents identified by the Firm, Mr. Davis does not dispute that responsive documents may not have been produced yet or may have been overlooked. He characterizes these documents as "hardly ... central to this litigaton" but essentially agrees to provide any responsive, non-privileged documents within these categories. Given this representation and the Firm's acknowledgment that the documents in these categories are within Mr. Davis's custody and control, the Court finds that requiring Baker & Hostetler to respond to the subpoena would result in duplicative effort and undue burden. Consequently, the motion to quash the subpoena directed to Baker & Hostetler will be granted.

Turning to the subpoenas issued to CNG and Squire Sanders, the Firm has raised the issue of standing. This is a threshold issue which the Court must consider before addressing the merits of Mr. Davis's challenges to the subpoenas issued to these non-parties. "'Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought.'" Mann v. University of Cincinnati, 114 F.3d 1188 (Table), 1997 WL 2801888, *4 (6th Cir. May 27, 1997), quoting 9A Wright and Miller, Federal Practice and Procedure §2459; see also Hackmann v. Auto Owners, Ins. Co., 2009 WL 330314 (S.D. Ohio Feb. 6, 2009); Donahoo v. Ohio Dept. Of Youth Services, 211 F.R.D. 303, 306 (N.D.Ohio 2002). Only the party to whom the subpoena is directed has standing to oppose it. Hackmann, at *1. The only basis upon which a party could have standing to quash a non-party subpoena would be a claim or personal right or privilege. Id. Such rights or privileges have

9

been recognized with respect to personal bank records, information in a personnel file, corporate bank records, or Indian tribal records. Id.

Mr. Davis has not addressed the issue of standing in his reply. Consequently, he does not appear to claim any personal right or privilege in the documents sought from CNG or Squire Sanders. In fact, Mr. Davis states in his motion that he already has provided many of the same documents the Firm seeks from these non-parties. The Court interprets his objection to the subpoenas to be that the documents requested are confidential pursuant to the protective order issued in this case, and that the subpoena failed to mention the protective order.

That documents are confidential "is not in itself grounds for quashing a subpoena." Hackmann, 2009 WL 330314, at *2. Mr. Davis does not argue that the non-parties' disclosure of the requested documents could not be accomplished under the terms of the current protective order. Consequently, the motion to quash the subpoenas directed to CNG and Squire Sanders will be denied. The Firm will be directed, however, to supplement its subpoenas to CNG and Squire Sanders with a copy of the protective order.

The Court notes that Mr. Davis has also requested sanctions against the Firm pursuant to Rule 45(c)(1) for its conduct in issuing these subpoenas. With respect to the subpoenas issued to CNG and Squire Sanders, the motion to quash has been denied and the Court will not consider the issue of sanctions.

In seeking sanctions with respect to the subpoena issued to Baker & Hostetler, Mr. Davis points to the duplicative nature of the subpoena and what he views as the Firm's disingenuous behavior in seeking documents from a non-party which the Firm knew to be within Mr. Davis's custody and control. Of equal significance to Mr. Davis is his belief that the Firm purposely attempted to obtain documents from a non-party without disclosing

10

the terms of the protective order. Considering the latter alleged conduct first, Mr. Davis has provided no evidence that, despite his concern, any documents were produced in a manner inconsistent with the protective order. Consequently, the Court is not persuaded that this conduct is sufficient to support an award of sanctions. Of greater concern to the Court is the Firm's conduct in issuing a subpoena to Baker & Hostetler for documents available from, and already provided in large part by, Mr. Davis. Such conduct seems at odds with the spirit of the federal rules relating to discovery. Further, given the conduct of counsel to date as detailed in the Court's previous orders, the Court finds this a close case for sanctions. However, the Court declines to impose sanctions at this time but cautions counsel that it may well do so in the future.

## IV. Conclusion

For the reasons stated above, the motion to quash the subpoena issued to Baker & Hostetler (#52) is granted and the motion to quash the subpoenas issued to CNG and Squire Sanders (#53) is denied.

## APPEAL PROCEDURE

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the

filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge