IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Waite, Schneider, Bayless & Chesley Co., LPA,

    Plaintiff

v.

Allen Davis

    Defendant

Case No. 1:11CV851

**ORDER**

Carr, J.*

    The plaintiff Waite, Schneider, Bayless & Chesley Co., LPA (Waite, Schneider) sued its former client, Allen Davis, to collect attorneys' fees after Davis terminated plaintiff's representation. Davis, in response, filed a counter-claim alleging several causes of action against the law firm. The gravamen of the counter-complaint is that the firm committed various acts of omission and commission that, at bottom, constituted malpractice.

    The counter-complaint names the law firm as the defendant. Doing so, the counter-complaint named the wrong defendant. Under Ohio law, an unhappy client cannot sue a law firm for malpractice: instead, he must sue the individual attorneys responsible for his injuries.

_____
* James G. Carr, Sr. U.S. District Judge, N.D. Ohio, sitting by designation.

*National Union Ins. Co. of Pittsburgh v. Wuerth*, 122 Ohio St.3d 594 (2009) (A "law firm does not engage in the practice of law and therefore cannot commit legal malpractice.") (syllabus, ¶ 1).

After Ohio's one-year statute of limitations for legal malpractice, O.R.C. § 2305.11 (A), had run, Waite, Schneider moved for summary judgment, relying on the decision in *Wuerth*. (Doc. 66). In addition to opposing the motion for summary judgment (Doc. 69), plaintiff filed a motion for leave to amend his counter-claim to substitute the individual attorneys for Waite, Schneider. (Doc. 68).

For the reasons that follow, I grant the motion for leave to amend.[1]

## Discussion

At issue is Fed. R. Civ. P. 15(c)(1)(C), which determines when an amendment to a pleading "relates back" to the date of the pleading's original filing. In pertinent part, the rule provides that an amendment relates back when:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

---

[1] Doing so moots, without prejudice, Waite, Schneider's motion for summary judgment.

The crux of the parties' dispute concerns Rule 15 (c)(1)(C)(ii).[2] That subsection has two components: 1) whether there was a mistake concerning the identity of a prospective defendant; and 2) whether a prospective defendant knew or should have known that it would have been sued but for the mistake of identity. *Black-Hosang v. Ohio Dept. Of Public Safety,* 96 Fed.Appx. 372, 375 (6th Cir. 2004).

The Supreme Court recently reviewed and construed Rule 15 (c)(1)(C)(ii) in *Krupski v. Costa Crociere S.p.A.*, — U.S. —, 130 S.Ct. 2485 (2010). In that case, a cruise ship passenger sued for injuries suffered on the ship. Her complaint named the marketing agent for the carrier, rather than the carrier. After the statute of limitations had run, she sought to amend her complaint under Rule 15(c)(1)(C) to state her claim against the carrier.

The Court held: "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge. . . ." *Id*. at —, 130 S.Ct. at 2485.

The Court later reiterated this point when it stated:

> [b]y focusing on [plaintiff's] knowledge, the Court of Appeals chose the wrong starting point. The question under Rule 15(c)(1)(C)(ii) is not whether [plaintiff] knew or should have known the identity of [the carrier] as the proper defendant, but whether [the carrier] knew or should have known that it would have been

---

[2] The parties agree that the amended complaint meets the requirement in Rule 15(c)(1)(C) that the complaint satisfy Rule 15(c)(1)(B). Under (B), the amended complaint must "assert[] a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; . . . ." The acts giving rise to the counter-complaint remain the same in the proposed amended counter-complaint.

Moreover, the individual attorneys do not argue that they lacked constructive notice of the suit or that the amendment will prejudice their ability to defend against the counter-complaint. Constructive notice, which a court may impute to the officers of a company or to individuals represented by the same attorney, suffices to satisfy this requirement. *DeBois v. Pickoff,* 2011 WL 1233665, *8 (S.D. Ohio).

> named as a defendant but for an error. Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known . . . , not what the plaintiff knew or should have known at the time of filing her original complaint.

*Id*. at —, 130 S.Ct. at 2493.

With respect to the second clause of 15(c)(1)(C)(ii) – "but for a mistake concerning the proper party's identity" – the Court noted no "mistake" as to identity occurs when a plaintiff makes "a deliberate choice to sue one party instead of another while fully understanding the factual *and legal* differences between the two parties." *Id* at —, 130 S.Ct. at 2494 (emphasis supplied). The Court then cautioned, however, that district courts should not infer that a plaintiff deliberately chose not to sue a prospective defendant unless "the original complaint and the plaintiff's conduct compel [that conclusion]." *Id* at —, 130 S.Ct. at 2496.

In the course of distinguishing its prior decision in *Nelson v. Adams USA, Inc.*, 529 U.S. 460 (2000), the Court provided insight into the type of strategic conduct from which a district court may properly infer that a plaintiff made a deliberate choice to sue one party and not another, rather than doing so mistakenly. *Id* at —, 130 S.Ct. at 2495. In *Nelson*, plaintiff sued a corporation. After obtaining an award of attorney's fees against the corporation and learning it might not have sufficient funds to pay the award, plaintiff sought to amend its pleading to add the corporation's president as a party. *Id.* Because the plaintiff knew of and chose not to amend its pleading until after learning that the original defendant might be insolvent, the Court concluded "the case did not arise under the 'mistake clause.'" *Id.* Reaching the opposite conclusion in *Krupski*, the Court emphasized the cruise line's failure to "articulate[ ]any strategy that it could reasonably have thought Krupski was pursuing in suing a defendant that was legally unable to provide relief. *Id.* at —, 130 S.Ct. At 2495.

The Court concluded its exegesis of Rule 15(c)(1)(C) by looking to the purpose of the Federal Rules of Civil Procedure in general and the relation back provision in particular: namely, "resolving disputes on their merits." *Id.* at —, 130 S.Ct. at 2494. That being so, the Court declined to allow the "windfall" of the statute of limitations where the "prospective defendant . . . understood, or should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity." *Id.*

I have quoted extensively from *Krupski* because a plain reading of the Court's opinion compels granting the motion for leave to amend. Waite, Schneider's arguments to the contrary are misdirected and unpersuasive.

Instead of acknowledging, much less addressing the direct holding in *Krupski* (what alone matters is "what the party to be added knew or should have known"), Waite, Schneider argues that Sixth Circuit law, both pre- and post-*Krupski* requires that I deny leave to amend.

None of the cases on which Waite, Schneider relies, however, counsels against amendment in this case. The first group of cases on which Waite, Schneider relies contains "addition cases." In these cases, the courts agreed with the Sixth Circuit's statement in *Marlowe v. Fisher Body,* 489 F.2d 1057, 1064 (6th Cir. 1973), that "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing." *In re Kent Holland Die Casting & Plating, Inc.,* 928 F.2d 1448, 1449 (6th Cir. 1991); *Asher v. Unarco Material Handling, Inc.,* 596 F.3d 313,318 (6th Cir. 2010), and *DeBois v. Pickoff,* 2011 WL 1233665, *10 (S.D. Ohio).

Providing further clarification, the court in *DeBois* stated, "courts in this circuit have allowed relation back where a new party is *substituted* for an old one, but have consistently held

5

that when "[t]he effect of Plaintiff's amendment is to *add* another party, it establishes a new and independent cause of action which cannot be maintained when the statute has run." *Id.* at *10.

The facts in *In re Kent Holland* and *DuBois* are distinguishable from those here. The plaintiffs in those cases sought to add additional defendants while (as is not the case here) retaining the originally named defendant. *In re Kent Holland,* 928 F.2d at 1449; *DuBois,* 2011 WL 1233665, *1. Moreover, the facts of *Asher,* where plaintiffs sought leave to amend to add thirty-three new plaintiffs, are not even loosely analogous to those here. 596 F.3d at 316.

Waite, Schneider next cites "capacity cases." Typified by *Lovelace v. O'Hara,* 985 F.2d 847, 850 (6th Cir. 1993), "capacity cases" hold that a plaintiff who chose to sue a defendant in its official capacity in its original complaint cannot, after the statute of limitations has passed, amend its complaint to name the same defendant in an individual capacity. Later case law distinguishes "capacity cases" from those in which a plaintiff accidentally sues an entity unamenable to suit.[3]

Waite, Schneider's reliance on *Smith v. City of Akron,* 476 Fed. Appx. 67 (6th Cir. 2012), is also misplaced. The decision in *Smith* belongs to a distinct subset of Sixth Circuit case law – namely, "Jane and John Doe" defendant cases. In *Smith*, the court held "adding new, previously unknown defendants in place of "John Doe" defendants is considered a change in parties, not a mere substitution of parties, and [does] not satisfy the 'mistaken identity' requirement of Rule 15 (c)." (citations omitted). *Id.* at 69.

---

[3] The decision in *Black-Hosang, supra,* 96 Fed.Appx. at 376-77, which I discuss *infra,* distinguishes capacity cases.

Davis seeks to substitute parties – remove Waite, Schneider and replace it with three individual attorneys. Sixth Circuit law expressly permits substitutions to "correct[ ] the plaintiff's misidentification of a defendant not amendable to suit to the proper entity." *Black-Hosang, supra,* 96 Fed.Appx. at 376-77 (distinguishing "capacity cases" from cases in which a plaintiff sues an entity not amenable to suit). Moreover, as Davis points out, substitution of three individual attorneys for the law firm with which they are affiliated is of no legal significance. *See Ringrose v. Engelberg Huller Co.,* 692 F.2d 403,405 (6th Cir. 1982) (allowing an amendment which substituted two successor companies for one defunct company).

Waite, Schneider repeatedly asserts that Davis made a deliberate choice to sue the firm rather than the individual attorneys. In support of its claim, Waite Schneider argues that even though Davis knew the individual lawyer's names, he chose to name the firm as the defendant in the original complaint.

Waite, Schneider relies solely on the complaint to support its highly implausible contention that Davis deliberately chose to sue a party not amenable to suit over parties who are amenable – and, according to him, directly responsible for his injuries. The flaw in Waite, Schneider's argument is especially telling in light of the Supreme Court's statement in *Krupski* that district courts may infer an absence of mistake only if the complaint and a plaintiff's conduct together demonstrate that a plaintiff sought some strategic advantage in naming the wrong defendant in the original complaint. *Id* at —, 130 S.Ct. at 2496.

In this case, as in *Krupski*, Davis's conduct cannot reasonably be considered strategic. In suing the firm, Davis disadvantaged himself – he potentially foreclosed his ability to sue altogether.

Absent a clear indication that Davis intentionally sued the wrong entity, or that the amendment would unfairly prejudice the individual attorneys, the technical pleading rules should not operate to preclude a decision of this dispute on its merits.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT:

1. Defendant's motion for leave to amend (Doc. 68) be, and the same hereby is, granted; and

2. Plaintiff's motion for summary judgment (Doc. 66) be, and the same hereby is, denied, without prejudice.

The Clerk shall set a telephonic status/scheduling conference.

So ordered

/s/ James G. Carr
Sr. U.S. District Judge