IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Waite, Schneider, Bayless                   Case No. 1:11CV851
  & Chesley Co., L.P.A.,

   Plaintiff

  v.             **ORDER**

Allen Davis,

   Defendant

Carr, J.[1]

  This is a suit by a law firm, Waite, Schneider, Bayless & Chesley Co., L.P.A., to collect fees from a former client, Allen Davis.

  Pending is Waite, Schneider's motion for an order unsealing documents subject to a prior sealing order and instructing the clerk to file publicly those materials. (Doc. 157). I recently ordered Davis to show cause why each document identified at pages 7 through 9 of Waite, Schneider's motion (*Id.* at 7-9) should not be unsealed and placed in the public record, and granted Waite, Schneider leave to respond. (Doc. 198 at 14). Davis and Waite, Schneider have filed their respective responses. (Docs. 201, 202).

  For the reasons discussed below, I grant Waite, Schneider's motion.

---

[1] Sr. District Judge, N.D. Ohio, sitting by designation.

**Background**

This litigation follows protracted, multi-court litigation between Davis, founder of the payday loan business CNG, and his sons. Davis initially retained Waite, Schneider to represent him after disputes with his sons arose. After Davis terminated the relationship without paying the fees Waite, Schneider sought (hence, this suit), he, through other counsel, reached a settlement agreement resolving the various suits.

As part of the settlement, Davis entered into a Redemption Agreement with CNG. During discovery in this case, Magistrate Judge Terence Kemp granted Davis's motion for a protective order permitting Davis to tender certain documents – namely, a copy of Davis's Redemption Agreement with CNG and related materials – to Waite, Schneider with an "attorneys' eyes only" designation. (Doc. 45).

The Magistrate Judge found Davis's request justified because: 1) the Redemption Agreement "contain[ed] strict confidentiality provisions"; 2) CNG's counsel represented that Waite, Schneider had previously breached those provisions; and 3) the order allowed Waite, Schneider to challenge the "attorneys' eyes only" designation of any document. (*Id.* at 2).

In so ruling, however, Magistrate Judge Kemp emphasized that his order was not "to be read as addressing the issues that arise in connection with a motion to seal documents from the public record." (*Id.* at 13). He noted that, while courts have wide latitude to restrict access to materials during discovery, *see* Fed. R. Civ. P. 26(c)(1), "a [c]ourt's ability to restrict access to public information [in court filings] is significantly narrowed." (Doc. 45 at 8).

After discovery concluded, the parties sought leave to file certain documents – primarily motions for summary judgment and the exhibits thereto – under seal. There were no objections to those requests, and I granted leave.

However, Waite, Schneider now seeks an order vacating my prior orders permitting the filing of sealed documents, and requiring the parties to make all future filings in the public record. The firm argues there is a presumption under both the First Amendment and the common law that court filings are open to the public. It further contends Davis has not overcome the presumption.

Davis responds that the documents should remain under seal on the grounds they contain 1) information subject to the Redemption Agreement's confidentiality provisions; 2) private financial information of CNG, Davis and his former spouse; and 3) private information regarding the marriage and divorce of Davis and his former spouse.

## Applicable Law

"Rule 26(c) allows the sealing of court papers only for good cause shown." *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). The Sixth Circuit "painstakingly discussed," *id.*, the grounds for sealing court papers in *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165 (6th Cir. 1983).

In *Brown & Williamson*, the court identified three justifications for the public's presumptive right to access court documents.

First, "public trials play an important role as outlets for community concern, hostility and emotions. When judicial decisions are known to be just and when the legal system is moving to vindicate societal wrongs, members of the community are less likely to act as self-appointed law enforcers or vigilantes." *Id.* at 1178.

Second, "public access provides a check on the courts. Judges know that they will continue to be held responsible by the public for their rulings." *Id.* The public therefore "has an interest in ascertaining what evidence and records the . . . Court [has] relied upon in reaching [its] decisions." *Id.* at 1181.

Third, "open trials promote true and accurate fact finding." *Id.* at 1180.

Strong though it is, the right of public access is not absolute.

There are two exceptions to the right. The first relates to the need to maintain order and dignity in the courtroom, while the second relates to the content of the information to which the public may be exposed.

This case implicates the second exception.

"[C]ontent-based exceptions to the right of access have been developed to protect competing interests. In addition to the defendant's right to a fair trial, these interests include certain privacy rights of participants or third parties, trade secrets and national security." *Id.* at 1179.

### Ruling

First, the Redemption Agreement's confidentiality provisions do not bind me. *See Brown & Williamson*, 710 F.2d at 1180.

Second, I have reviewed the sealed materials and concluded I may place them in the public record without exposing any information CNG, Davis or his former spouse may properly protect under *Brown & Williamson*. The mere fact that either a litigant or a third party, not involved in the litigation, may prefer to keep certain information secret does not overcome the public's strong interest in accessing public documents. *See id.*

4

With particular regard to the divorce decree, I find that Davis has failed to meet his burden of showing that unsealing would "become a vehicle for improper purposes," or would be "'used to gratify private spite or promote public scandal'" through the publication of "'the painful and sometimes disgusting details of a divorce case.'" *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted).

Absent such showing, which Davis has not even attempted, there is no basis for keeping divorce court records, once they become material in a federal court proceeding, sealed.

## Conclusion

For these reasons, it is hereby:

ORDERED THAT Waite, Schneider's motion for an order vacating seal and instructing the clerk publicly to file certain materials filed under seal (Doc. 157) be, and the same hereby is, granted.[2]

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

[2] Plaintiff also moves for an order compelling all future filings to be filed publicly. In light of my ruling, such an order is unnecessary. I expect the parties to make all future filings in the public record as normally required.