IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:11-cv-00851-JLG-TPK |
| vs. | ) ) ) | Judge James G. Carr<br>Magistrate Judge Terence P. Kemp |
| ALLEN L. DAVIS, | ) ) | |
| Defendant. | ) | |

**PROPOSED JURY INSTRUCTIONS OF DEFENDANT, ALLEN L. DAVIS**

Defendant Allen L. Davis ("Davis"), hereby submits the following proposed jury instructions in accordance with this Court's Courtroom & Trial Procedures and scheduling orders issued by this Court. Davis reserves the right to supplement his proposed instructions based upon the Court's rulings and the testimony.

**PRELIMINARY STATEMENT**

In accordance with the Court's instruction to work cooperatively to submit proposed jury instructions, counsel for the Waite Firm and counsel for Davis worked to arrive at agreements on as many issues as possible. Still, disagreements remain and both parties respectfully request to be heard regarding those disagreements. Further, Davis proposes the following instructions in lieu of, or in addition to, certain instructions proposed by the Waite Firm.

00022299.2

## **QUANTUM MERUIT**

The parties agree to proposed instructions No. 20 and 21 set forth in the Waite Firm's submission.  Davis, however, proposes the following additional language regarding quantum meruit recovery:

Quantum meruit is based upon concepts of fairness.  Therefore, in considering whether to award the Waite Firm quantum meruit recovery, you must consider all factors that might balance the equity one way or another.[1]  In other words, you are charged with determining what recovery, if any, is fair under the circumstances.  Inequitable acts by a party seeking to recover in equity may prevent or reduce that party's recovery.[2]  In an attorney fee dispute, such acts include an attorney's lack of candor with his client, ethical infractions, and other misfeasance.[3]

---

[1] *Reid, Johnson, Downes, Andrachik & Webster v. Lansberry*, 629 N.E.2d 431 (Ohio 1994); *Mestetzko v. Elf Motor Co.*, 165 N.E. 93, 95 (Ohio 1929); *Charles Gruenspan Co. v. Thompson*, 2003-Ohio-3641, P66 (Ohio Ct. App. 2003); *Exact Software v. Infocon Sys.*, 2011 U.S. Dist. LEXIS 66462, *5 (N.D. Ohio June 22, 2011).
[2] *In re Nelson,* 206 B.R. 869, 881-882 (Bankr. N.D. Ohio 1997) (analyzing Ohio law).
[3] *Id.; see also Exact Software v. Infocon Sys.*, 2011 U.S. Dist. LEXIS 66462, *5 (N.D. Ohio June 22, 2011).

Davis proposes the following instruction in lieu of the Waite Firm's proposed instruction No. 19.

## TERMINATION/WITHDRAWAL

The Waite Firm claims that it was discharged by Mr. Davis or that it withdrew from the representation of Mr. Davis for good cause. Mr. Davis claims that the Waite Firm withdrew from the representation of Mr. Davis without good cause.

An attorney who is discharged or withdraws from a contingent-fee representation with good cause, prior to the occurrence of a contingency event that would entitle the attorney to recover a fee, cannot recover pursuant to the fee contract and is limited to recovery, if any, in quantum meruit.[4] If you find that the Waite Firm withdrew with good cause from the representation or was discharged from the representation prior to the occurrence of any contingency that would give rise to a fee, you may only consider an award in quantum meruit, if any.

Withdrawal from a representation by an attorney without good cause precludes that attorney from recovering from his client either under the terms of the fee agreement or in quantum meruit.[5] The Fee Agreement between the parties allows the Waite Firm to withdraw:

> "[I]f the facts turn out to be other than we have understood them from you,
> if you fail to assist us as we may request in the course of this litigation, or
> if you fail to keep current on our billing for costs and expenses."

If you find that the Waite Firm withdrew from its representation of Mr. Davis without good cause, you cannot find for the Waite Firm on either of its claims.

---

[4] *Reid, Johnson, Downes, Andrachik & Webster v. Lansberry*, 629 N.E.2d 431 (Ohio 1994).
[5] *Sandler v. Gossick,* 622 N.E.2d 389 (Ohio Ct. App. 1993).

00022299.2                                       3

Davis proposes the following instruction regarding unreasonable or excessive fee and/or that the definition of an unreasonable fee be included in the Waite Firm's proposed instruction regarding a reasonable fee.

## **UNREASONABLE FEE**

A lawyer cannot make an agreement for, charge, or collect an illegal or clearly excessive fee.[6]  A fee is clearly excessive when it is in excess of a reasonable fee.[7]  A contingent fee is clearly excessive in those instances in which the client's recovery was likely to be so large that the lawyer's fee would clearly exceed the sum appropriate to pay for services performed and risks assumed.[8]  If you find that the fee claimed by the Waite Firm is unreasonable you must decline to award that fee.

---

[6] Ohio Prof. Cond. R. 1.5
[7] Id.
[8] RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 35, cmt. c (2000); *see also In re Sulzer Hip Prosthesis and Knee Prosthesis Liability Litigation*, 290 F. Supp. 2d 840, 850-51 (N.D. Ohio 2003).

Respectfully submitted,

/s/ *Kevin L. Murphy*
Kevin L. Murphy (0021810)
KEVIN L. MURPHY PLLC
2400 Chamber Center Drive, Suite 300
Ft. Mitchell, Kentucky 41017
(859) 578-3060
Email: klmurphy@kevinlmurphylaw.com

and


Angela Hayden (0070557)
THE LAW OFFICES OF BENJAMIN G. DUSING, P.L.L.C.
50 East RiverCenter Blvd., Suite 820
Covington, Kentucky 41011
(513) 322-1900
Email: ahayden@bgdlaw.com

*Counsel for Allen L. Davis*

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

/s/ Angela Hayden
Angela Hayden (0070557)