**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WAITE, SCHNEIDER, BAYLESS &** | : | |
| **CHESLEY CO., L.P.A.,** | : | |
| | : | **Case No. 1:11-cv-00851** |
| **Plaintiff,** | : | |
| | : | **Judge Carr** |
| **v.** | : | |
| | : | **Magistrate Judge Kemp** |
| **ALLEN L. DAVIS,** | : | |
| | : | |
| **Defendant.** | : | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Pursuant Rule 51(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Waite, Schneider, Bayless & Chesley Co., L.P.A. ("Plaintiff" or "the Waite Firm") hereby submits the following Proposed Jury Instructions. The Waite Firm reserves the right to supplement its proposed instructions based upon the Court's rulings and the testimony presented. The following instructions have been approved by Defendant Davis, except as follows: (a) where the language is italicized; (b) where a bracket with a note is included, i.e., [**Note: ___**]; or (c) where Defendant Davis has filed a proposed instruction seeking to expand on the text. Both parties request the opportunity to be heard regarding the disputed matters.

Respectfully submitted,

/s/ Marion H. Little, Jr.
Marion H. Little, Jr.   (0042679)
ZEIGER, TIGGES & LITTLE LLP
3500 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 365-9900
Facsimile: (614) 365-7900
little@litohio.com
*Trial Attorney for Plaintiff*
*Waite, Schneider, Bayless & Chesley Co., L.P.A.*

1

**PROPOSED INSTRUCTION NO. 1:**

**<u>INTRODUCTION</u>**

Members of the Jury:

I will now give you my final instructions.  If you detect any conflict between these instructions and the initial instructions I gave you at the beginning of the trial, you must follow these instructions.

You may make whatever notes you want to make on your copy.  Also you may take your copy with you to the jury room.

If I make any changes while reading the instructions, I will note them on my copy and deliver it to you as the original and binding copy of the instructions.

I will first give you some general information about your duties.  Then I will tell you about the legal issues in the case.

Please listen to all instructions carefully.  Your thoughtful attention as I read the instructions is essential.

First, the general instructions:[1]

---

[1]     Judge Carr's Instructions in <u>McClain vs. Norfolk Southern Railway Company</u>, Case No. 3:07CV2389.

## PROPOSED INSTRUCTION NO. 2:

## <u>OVERVIEW</u>

You must follow the law as I state it to you, and to apply that law to the facts as you find them from the evidence in this case.  Even if you disagree with the law as stated, you must follow the law.  You cannot substitute your own views as to what the law should be for what I tell you in these instructions.

You must consider the instructions as a whole.

You can decide this case, and must base your verdict only on, the evidence that has come to you in the courtroom.

You must not be affected in any way by bias, prejudice or favor toward any party. Individuals, corporations, and entities of all kinds are equally entitled to the same fair trial.

The parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by me, and reach a just verdict regardless of the consequences.[1]

---

[1]     Judge Carr's Instructions in <u>McClain vs. Norfolk Southern Railway Company</u>, Case No. 3:07CV2389. Judge Carr's Instructions in <u>Corbis Corporation v. Nick Starr, et al.</u>, Case No. 3:07CV3741.

**PROPOSED INSTRUCTION NO. 3:**

**ALL PERSONS EQUAL BEFORE THE LAW-ORGANIZATIONS**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A law firm is entitled to the same fair trial as a private individual.  All persons, including law firms, and other organizations stand equal before the law, and are to be treated as equals.[1]

---

[1]    Federal Jury Practice and Instructions (Sixth Edition) § 103.12.

## PROPOSED INSTRUCTION NO. 4:

## <u>EVIDENCE</u>

Evidence, as I told you in the my initial instructions and reminded you from time to time during the trial, includes the sworn testimony of the witnesses and the exhibits admitted into evidence, which you will have with you in the jury room.

Witness testimony can be presented in person in the courtroom or via deposition. No matter what the mode of presentation, witness testimony is evidence. You are to consider and evaluate witness testimony without regard to how it was presented.

Some evidence is "direct" evidence; other evidence is "circumstantial" evidence. You are to consider and evaluate each equally.

Direct evidence is direct proof of a fact, such as testimony of an eyewitness, or an exhibit that displays or relates a fact directly. Someone who tells you he saw it raining or shows you a picture of a thunderstorm provides direct evidence about the weather.

Circumstantial evidence is evidence that tends to prove or disprove the existence or nonexistence or certain other facts. Someone who walks in wearing wet clothing and shaking out an umbrella provides circumstantial evidence about the weather.

Something that I have told you to disregard is not evidence. If I have instructed you during the trial to disregard something that you heard or saw, you cannot consider it in your deliberations.[1]

---

[1]     Judge Carr's Instructions in <u>McClain vs. Norfolk Southern Railway Company</u>, Case No. 3:07CV2389. Modified to eliminate the reference to video deposition and availability of witnesses.

## PROPOSED INSTRUCTION NO. 5:

## <u>USE OF DEPOSITIONS AS EVIDENCE</u>

During the trial, certain testimony has been presented by way of deposition.  The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case.  The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath.  Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.[1]

---

[1] Federal Jury Practice and Instructions (Sixth Edition) § 105:02.

## PROPOSED INSTRUCTION NO. 6:

## ADVERSE INFERENCE FROM INVOCATION OF SPOUSAL PRIVILEGE

*You are instructed that Mr. and Mrs. Davis have invoked the spousal privilege.  The invocation of this privilege precluded the Waite Firm from inquiring about communications between Mr. Davis and his spouse.  From the assertion of this privilege, you may infer that had the answers been given they would have supported the Waite Firm's position on that issue and you may draw the strongest inference against Mr. Davis and Mrs. Davis on that question.*[1]

---

[1]     U.S. v. Premises Known As 281 Syosset Woodbury Road, 862 F. Supp. 847, 859-60 (S.D.N.Y. 1994) (holding an adverse inference may be drawn from assertion of the spousal privilege in a civil case much as an adverse inference can be drawn from assertion of the Fifth Amendment privilege against self-incrimination in in a civil case);  State *ex rel.* Little People's Child Dev. Ctr., Inc. v. Little People's Child Dev. Ctr., Inc., 2009 WL 103509, at *5 (Tenn. Ct. App., Jan. 9, 2009) (holding a court may draw an adverse inference from invocation of the spousal privilege).

**PROPOSED INSTRUCTION NO. 7:**

**<u>EXPERT TESTIMONY</u>**

Witnesses usually must testify only as to facts known to them. Where, however, a witness has become knowledgeable through education or experience in some art, science, profession, calling or other area with which a court and jurors might not be familiar, such witness may testify as to their opinions about matters in issue, and give their reasons for those opinions.

You should consider the testimony of such witnesses along with all the other evidence.

If you find that an opinion is not based on sufficient education or experience, or conclude the reasons offered in support of such opinion are not sound or outweighed by other evidence, you may disregard the opinion.[1]

---

[1]      Judge Carr's Instructions in <u>McClain vs. Norfolk Southern Railway Company</u>, Case No. 3:07CV2389.

## PROPOSED INSTRUCTION NO. 8:

### DEMONSTRATIVE MATERIALS AND SUMMARIES

The attorneys have used materials – such as drawings, diagrams, charts, or summaries – as a way of helping you to understand the evidence presented by witnesses or in the exhibits.

Certain of these materials are summaries that summarize voluminous writings. These type of summaries are used where it would be inconvenient to attempt to examine each of the summarized documents in court. In such instances, the summary is offered in lieu of the evidence they summarize. If I have admitted these summaries into evidence and provided them to you, you shall be treat them like any other evidence considered by you.

There are other types of summaries and charts that summarize other exhibits provided to you. You are advised that these form of summaries are not independent evidence of the subject matter; rather, they are only as valid and reliable as the underlying evidence they summarize.

There are still other summaries and charts which have not been admitted. As to these materials, they will not be with you in the jury room but you can use them to help you understand the evidence.[1]

---

[1]     Judge Carr's Instructions in <u>McClain vs. Norfolk Southern Railway Company</u>, Case No. 3:07CV2389, as modified by <u>United States v. Bray</u>, 139 F.3d 1104 (6th Cir. 1998).

## PROPOSED INSTRUCTION NO. 9:

## QUESTIONS AND STATEMENTS BY LAWYERS AND THE COURT

The lawyers' questions are not evidence.  Only what the witnesses say in response to questions is evidence.  Where a witness's responses either affirms or denies an assertion in a question such affirmation or denial is evidence, as is any elaboration or explanation by the witnesses in response to a question.

The lawyers' opening statements and closing arguments are not evidence.  They express what the lawyers believe the evidence will be or has been or what it means.  You can consider what they say in their opening statements and closing arguments as you evaluate and interpret the evidence.  But on their own, such statements and arguments are not evidence, and cannot supply facts missing or not found in the testimony of witnesses or exhibits.

Similarly, questions and statements by me are not evidence.  Only the witness's responses to my questions are evidence.

Do not consider any questions or statements by me as expressing any view on my part as to how you should decide the case.  The decision on the outcome is for you alone to make on the basis only of the evidence.  Speculation on your part as to my views on the outcome is not proper, and can play no role whatsoever in your deliberations or determination of your verdict.[1]

---

[1]     Judge Carr's Instructions in <u>McClain vs. Norfolk Southern Railway Company</u>, Case No. 3:07CV2389; Judge Carr's Instructions in <u>Corbis Corporation v. Nick Starr, et al.</u>, Case No. 3:07CV3741.

**PROPOSED INSTRUCTION NO. 10:**

**<u>EVALUATION OF THE EVIDENCE: CREDIBILITY OF WITNESSES</u>**

During your deliberations you must consider all of the evidence.

This does not mean that you must accept all of the evidence as true or accurate.  It is solely and entirely up to you to determine what evidence to believe or disbelieve, and how much weight to give to any part of the evidence.

In assessing the accuracy and truthfulness of the evidence, and how much weight to give to it, there are several things that you may consider.  Among these are:

- a witness's personal, financial, or other significant relationship to the plaintiff or defendant;

- how the outcome of the case may affect the witness;

- the witness's opportunity and ability to observe or acquire knowledge about the facts about which the witness testified;

- the witness's intelligence, fairness, candor, and manner of testifying;

- the extent to which other evidence supports or contradicts a witness's testimony or an exhibit;

- whether a witness has been discredited or impeached by contradictory evidence, a showing that the witness testified falsely concerning a material matter, or evidence that at some other time the witness has said or done something, or has failed say or do something, which is inconsistent with the witnesses' testimony; and

- such other factors or aspects of a witness's testimony or other evidence in the case that you conclude reasonably bear on the truthfulness or accuracy of the witness's testimony.

If you believe that any witness has been discredited or impeached, you can give the witness's testimony such credit or weight, if any, you think it deserves.

If you conclude a witness knowingly testified falsely about an material matter, you can, if you so choose, distrust such witness's other testimony, give it only such credit you think it deserves, or entirely reject the witness's testimony.

You may accept or reject the testimony of any witness in whole or in part.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact.  You may find testimony by a smaller number of witnesses as to a fact is more credible than contrary testimony by a larger number of witnesses.[1]

---

[1]    Judge Carr's Instructions in <u>McClain vs. Norfolk Southern Railway Company</u>, Case No. 3:07CV2389.

**PROPOSED INSTRUCTION NO. 11:**

**<u>DRAWING INFERENCES; REACHING CONCLUSIONS</u>**

Though you may consider only the evidence in the case, you can draw such reasonable inferences from the evidence as you find justified in the light of common experience.

In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts established by the testimony and the evidence in the case.[1]

---

[1]    Judge Carr's Instructions in <u>McClain vs. Norfolk Southern Railway Company</u>, Case No. 3:07CV2389.

## PROPOSED INSTRUCTION NO. 12:

### <u>BURDEN OF PROOF</u>

The plaintiff has the burden of proving every essential element of any claim by a preponderance of the evidence.

The defendant has the burden of proving every essential element of any affirmative defense by a preponderance of the evidence.

In your determination as to whether a fact in issue has been proven by a preponderance of the evidence, it does not matter which party called a particular witness or produced a particular exhibit.[1]

---

[1]    Judge Carr's Instructions in <u>McClain vs. Norfolk Southern Railway Company</u>, Case No. 3:07CV2389.

**PROPOSED INSTRUCTION NO. 13:**

**"PREPONDERANCE OF THE EVIDENCE"**

To establish a claim or defense by a "preponderance of the evidence" means showing that the claim or defense is more likely true than not true.  A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.

To have proven by a preponderance of the evidence means simply that the proverbial balance has tilted, however slightly, in favor of what is sought to be proved.

This concludes the general instructions, and now I shall instruct you on the law applicable to the specific claims at issue in this case.[1]

---

[1]     Judge Carr's Instructions in <u>McClain vs. Norfolk Southern Railway Company</u>, Case No. 3:07CV2389.

## PROPOSED INSTRUCTION NO. 14:

### BREACH OF CONTRACT – ELEMENTS

The Waite Firm advances two claims against Mr. Davis.  The first is for breach of contract.  The second is for quantum meruit.

I will first address the breach of contract claim.

A contract is an agreement or obligation, whether verbal or written, in which one party becomes bound or obligated to another party to pay a sum of money or to perform a certain act or acts.[1]

Before you can find for the Waite Firm, you must find by the greater weight of the evidence the following three elements:

(A)     First, the parties entered into a contract, and[2]

(B)     Second, Mr. Davis breached the contract by not paying the Waite Firm, and[3]

(C)     Third, the Waite Firm had not materially breached the contract at the time of the Mr. Davis' breach.[4]  **[Note: Disagreement.  Defendant wants the language "substantial performance" utilized in lieu of material breach.]**

A contract is breached when one party fails or refuses to perform its duties under the contract.[5]  "Material breach" means a breach that violates a term essential to the purpose of the contract.  Mere nominal, trifling, slight or technical departures from the contract terms are not material breaches so long as they occur in good faith.[6]

---

[1]      OJI § 501.03 (modified).

[2]      OJI § 501.01(2)(A).

[3]      OJI § 501.01(2)(B).

[4]      OJI § 501.01(2)(C).

[5]      OJI § 501.01(3).

[6]      OJI § 501.01(4).

## PROPOSED INSTRUCTION NO. 15:

## <u>CONTRACT FOR LEGAL SERVICES</u>

The contract at issue in this case is an agreement to perform legal services.

One type of contract between an attorney and a client is called a contingency fee agreement.  Under such an arrangement, an attorney is not paid based upon an hourly fee but rather on a percentage of a value or result secured for the client.  *A contingency fee agreement is a legal and appropriate means for a client to compensate an attorney.  The fact that a client can afford to compensate the lawyer on another basis, such as an hourly basis, does not impact the enforceability of the contingency fee agreement.*[1]

I instruct you that the Waite Firm and Allen Davis originally entered into a contingency fee agreement on February 21, 2005.  Then, on August 27, 2005, the Waite Firm and Davis supplemented that agreement.  I will refer to these two documents collectively as the "Fee Agreement."

*You are instructed that there is no requirement under Ohio law for the Waite Firm to secure a written agreement from Mr. Davis.  The agreement could have been oral.*[2]  *The fact the Waite Firm reduced the Fee Agreement to writing exceeded the requirements under Ohio law.*

---

[1]     ABA Formal Opinion 94-389.

[2]     <u>See</u> Ohio Revised Code § 4705.15 (requiring contingency fee agreements in personal injury and product liability court actions be reduced to writing and signed by attorney and client); <u>see also</u> Ethical Consideration 2-18 of the Ohio Code of Professional Responsibility (in effect prior to 2007).

**PROPOSED INSTRUCTION NO. 16:**

**GRADUATED PERCENTAGE CONTINGENCY FEE**

*Davis' Fee Agreement with the Waite Firm provides for a higher contingency fee after a specific benchmark.  For example, a 25% contingency was earned if the matter was settled within one year or 33.3% thereafter.  The payment of a higher contingency fee at advanced stages of a litigation matter are meant to compensate the lawyer for the additional time and labor necessary in the case.  This is an ordinary and reasonable component of a contingency fee agreement.* [1]

---

[1] ABA Formal Opinion 94-389.

**PROPOSED INSTRUCTION NO. 17:**

**CONTINGENCY BASED UPON THE SALE OF STOCK OR INJUNCTIVE RELIEF**

*You are instructed that a lawyer and client can agree to have the attorney compensated on different types of contingencies. Thus, for example, an attorney can recover a contingency fee based upon the sale of a client's stock or the issuance of injunctive relief.[1]*

*The Waite Firm is entitled to recover its contingency fee if it proves that either or both of two contingencies occurred:*

(1) *Mr. Davis resolved his claims against CNG by selling his shares, while the Fee Agreement was still in effect, or*

(2) *The Waite Firm obtained injunctive relief on Mr. Davis' behalf that generated fair value for him, specifically such as offers to purchase his CNG shares.[2]*

*If you find that any of the contingencies set forth in the Fee Agreement were satisfied during its term, you shall determine the amount of the fee to be paid by Davis to the Waite Firm pursuant to the terms of the Fee Agreement.[3]*

---

[1]    ABA Formal Opinion 94-389, at 3.

[2]    Court's 4/15/15 Order (Doc. #190), at 17; Court's 8/14/15 Order (Doc. #223), at 2-3 (holding Fee Agreement "unambiguously provides that a settlement in the form of a sale of Davis' shares entitles Waite, Schneider to a fee.")

[3]    Reid, Johnson, Downes, Andrachik & Webster v. Lansberry, 68 Ohio St. 3d 570, 576 n.3 (1994) (noting "by the very nature of the contingent agreement," the attorney is entitled to collect the contingent fee "without regard to the number of hours worked").

## PROPOSED INSTRUCTION NO. 18:

### SUCCESS FEE BASED UPON AWARD OF CONTINGENCY FEE

*The Fee Agreement between the parties provides that the Waite Firm was entitled to receive a contingency fee based upon the value of any injunctive relief secured for Mr. Davis, and to the extent the parties could not agree upon the value of the injunctive relief, a third party was to determine the value.  You, as the jury, are to determine the value of the injunctive relief.*[1]

---

[1]  Court's 4/15/15 Order (Doc. #190), at 19-20.  See, e.g., Geier v. Sundquist, 372 F.3d 784, 795-96 (6th Cir. 2004) (holding attorneys in civil-rights class action were entitled to multiplier of lodestar amount in light of success in securing injunctive relief valued at $320 million); In re Nutella Marketing & Sales Practices Litig., 589 Fed. Appx. 53, 59- 60 (3rd Cir. 2014) (affirming $500,000 award of attorney fees based on value of injunctive relief to members of consumer class, rejecting argument that injunction was "worthless" to class members); Innovention Toys, LLC v. MGA Entertainment, Inc., 2014 WL 1276413, at *7 (E.D. La., Feb. 24, 2014) (in patent case, finding attorneys' success in enjoining defendant's willful infringement, in the face of defendant's "particularly aggressive" defense strategy, justified enhanced attorney-fee award, and suggesting that the injunction's value could be based on infringement damages avoided) (magistrate's recommendation), adopted by 2014 WL 1276346 (E.D. La., Mar. 27, 2014); Olson v. Wing, 2007 WL 680783, at *2 (E.D.N.Y., Mar. 2, 2007) (awarding attorneys' fees incurred in obtaining preliminary injunctive relief on behalf of putative class members who faced irreparable harm of having benefits cut off, rejecting defendant's argument that injunction had no value); A.C. Vaccaro Inc. v. Vaccaro, 955 N.E.2d 299, 306-07 (Mass Ct. App. 2011) (holding attorney-fee award nearly equal to total damages awarded by jury in hard-fought business contract dispute was justified in light of the "valuable injunctive order" that ended defendant's ongoing breaches).

**PROPOSED INSTRUCTION NO. 19:**

**CONTINGENCY FEE BASED UPON SETTLEMENT WITH CNG AS IDENTIFIED IN THE COURT'S APRIL 15, 2015, ORDER**

*If you find that the Waite Firm terminated the Fee Agreement or attorney-client relationship, the Waite Firm is still to entitled to recover on its contract claim and receive a contingency fee based on the settlement reached between Mr. Davis and CNG if you find that any of the following are true:[1]*

1. *The Waite Firm's withdrawal was for good cause, or*

2. *Mr. Davis acted in bad faith to prevent the Waite Firm from performing its obligations under the Fee Agreement, or*

3. *Mr. Davis' instructions to dismiss the dividend injunction amounted to a constructive discharge of the Waite Firm, or*

4. *Mr. Davis' instructions to dismiss the dividend injunction made it impracticable for the Waite Firm to perform its obligations under the Fee Agreement.*

*An attorney withdraws for "good cause" if, where the client states, or the attorney can reasonably infer, that the client no longer consents to continuing an agreed-upon strategy for the representation.[2]*

*The law requires contracting parties to perform contractual duties in good faith.[3]  A party proceeds in "bad faith" where it fails to deal reasonably with the other party.  You may*

---

[1]    Court's 4/15/15 Order (Doc. #190), at 27 & n. 7.

[2]    Affeldt v. Threet, 1986 WL 4006, at *2 (Ohio Ct. App. 6th Dist., Apr. 4, 1986) (citing Restatement (Second) of Agency § 108).

[3]    Littlejohn v. Parrish, 163 Ohio App. 3d 456, 463 (1st Dist. 2005) ("[P]ublic policy dictates that every contract contain an implied duty for the parties to act in good faith and to deal fairly with each other.  Any agreement … has an implied covenant of good faith and fair dealing that requires not only honesty but also reasonableness in the enforcement of the contract.").

*find that Mr. Davis acted in bad faith if he acted to circumvent his obligation to pay the Waite Firm a contingency fee.*

*An attorney's withdrawal may be found to be a "constructive discharge" if it appears the actions of the client that caused the withdrawal were motivated by an intent to avoid paying the agreed-upon fee for the attorney's representation of the client, and the attorney remained available thereafter to continue the representation.[4]*

*If the fundamental premise or assumption upon which the Fee Agreement was based ceases to exist or becomes impracticable to perform, then the Waite Firm's performance would have become impracticable.[5]*

---

[4]  Mauzy v. Kelly Services, Inc., 75 Ohio St. 3d 578, 588-89 (1996) (defining "constructive discharge" in employment context as a resignation prompted by actions of the employer  that would cause a reasonable person to feel compelled to resign); Fox & Associates Co., L.P.A. v. Purdon, 44 Ohio St. 3d 69, 72 (1989) (attorney "may be entitled to the full price of the contract in the event of discharge 'on the courthouse steps' …"); Kaushiva v. Hutter, 454 A.2d 1373, 1374-75 (D.C. Ct. App. 1983) (holding attorney who is prevented by the client from completing performance under a contingency fee agreement is entitled to the full contingency fee specified in fee agreement upon occurrence of the contingency) (cited by Fox, 44 Ohio St. 3d at 72).

[5]  Restatement (Second) of Contracts § 265 ("Where … a party's performance is substantially frustrated without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his remaining duties to render performance are discharged … ."); America's Floor Source, LLC v. Joshua Homes, 191 Ohio App. 3d 493, 504, (10th Dist. 2010) (""Frustration of purpose occurs when one of the two parties to a contract creates a situation where the basis of the parties' contract essentially becomes moot." ).

### PROPOSED INSTRUCTION NO. 20:

### QUANTUM MERUIT – GENERAL

The second claim advanced by the Waite Firm is for quantum meruit.  You are instructed that even if you find the Waite Firm is not entitled to recover under the Fee Agreement, it may recover the reasonable value of the services it performed for the benefit of Mr. Davis if the Waite Firm withdrew from the representation with cause or was terminated or discharged by the client, either with or without cause, and if a contingency specified in the Fee Agreement later occurred.[6] If the Waite Firm terminated the representation without cause, it may not receive a quantum meruit remedy.

---

[6]     Reid, Johnson, Downes, Andrachik & Webster v. Lansberry, 68 Ohio St. 3d 570 & Syll. ¶ 2 (1994) ("When an attorney representing a client pursuant to a contingent-fee agreement is discharged, the attorney's cause of action for a fee recovery on the basis of *quantum meruit* arises upon the successful occurrence of the contingency"); Fox & Associates Co., L.P.A. v. Purdon, 44 Ohio St. 3d 69 & Syll. (1989) ("When an attorney is discharged by a client with or without just cause, and whether the contract between the attorney and client is express or implied, the attorney is entitled to recover the reasonable value of services rendered the client prior to discharge on the basis of *quantum meruit*."); Affeldt v. Threet, 1986 WL 4006, at *3-4 (Ohio Ct. App. 6th Dist., Apr. 4, 1986). (holding that an attorney who withdraws with justification is entitled to recover in *quantum meruit* when the contingency occurs).

**PROPOSED INSTRUCTION NO. 21:**

**<u>QUANTUM MERUIT -- ELEMENTS</u>**

The Waite Firm may recover the reasonable value of its services if you find by the greater wright of the evidence that:

(A)     The Waite Firm performed services for Mr. Davis' benefit and with Mr. Davis' knowledge; and[1]

(B)     Mr. Davis knew or should have known that the services were given with expectation of payment of reasonable value; and[2]

(C)     Mr. Davis had a reasonable opportunity to prevent the Waite Firm from giving services prior to them being rendered by the Waite Firm.[3]

---

[1]      OJI § 501.39(1)(A).

[2]      OJI § 501.39(1)(B).

[3]      OJI § 501.39(1)(C).

## PROPOSED INSTRUCTION NO. 22:

## <u>QUANTUM MERUIT – REASONABLENESS OF ATTORNEY FEES</u>

*In deciding what is a reasonable amount to award for attorney fees, you may consider number of factors, include the following:*

(A)    *the time necessarily spent by the attorneys for Mr. Davis.*

(B)    *the novelty and the difficulty of the issues and questions involved in the case;*

(C)    *the skill required to perform the necessary legal services;*

(D)    *the fees customarily charged in the U.S. legal market for similar legal services;*

(E)    *the amount of money involved, the results of the services, or both;*

(F)    *the time limitations or urgencies imposed by the client or by the circumstances;*

(G)    *the experience, reputation, and ability of the attorneys in performing the services;*

(H)    *the necessary expenses incurred by the attorneys in performing the services.*[1]

*As such, the amount of time necessarily spent on the services may be the first factor you consider but it is neither the only measure of reasonableness nor is it necessarily the most important one.  You must take all the facts and circumstances in evidence into consideration in reaching your decision.*[2]

---

[1]    OJI § 315.39(1).

[2]    OJI § 315.39(2).

**PROPOSED INSTRUCTION NO. 23:**

**<u>QUANTUM MERUIT – CUSTOMARY FEE WITHIN A LEGAL MARKET</u>**

*One of the factors I instructed you to consider in deciding what is a reasonable amount to award for attorney fees is the fees customarily charged in the U.S. legal market for legal services similar to those provided by the Waite Firm.*

*The size of the market you should use for comparison depends on the type of legal services and level of expertise sought by the client.  Although the Waite Firm is located in Cincinnati, you are not restricted to considering rates charged by local attorneys in Cincinnati. Rather, you are free to consider a national market for legal services, an area of specialization, or any other market you believe appropriate to fairly compensate particular attorneys in this case.[1]*

*You are also free to consider the hourly rates charged by the Waite Firm as evidence of the reasonableness of rates because the rate an attorney charges typically reflects the value the marketplace has set on those services, and the attorney's hourly rate will normally reflect the training, background, experience and skill of the individual attorney.[2]*

---

[1]    <u>Louisville Black Police Officers Org., Inc. v. City of Louisville</u>, 700 F.2d 268, 278 (6th Cir. 1983).

[2]    <u>Wells v. New Cherokee Corp.</u>, 58 F.3d 233, 239 (6th Cir. 1995).

## PROPOSED INSTRUCTION NO. 24:

### QUANTUM MERUIT – ENHANCED RECOVERY

*An attorney who substantially performs under a contingency fee contract is not limited to recovering an amount represented by the number of hours expended times the reasonable hourly fee. Instead, you may award higher multiple of that amount if you find, for example, that the challenges presented to the attorneys were unusually difficult, that the attorneys met those difficulties with skill and tenacity, and that the attorneys achieved exceptional results under the circumstances.[1]*

*Additional factors you should consider in determining an award that is fair are the results obtained for, or the benefit conferred on, the client. You may also consider the timing and proximity of the termination of the attorney-client relationship and the client's subsequent resolution of a claim. Also in deciding what is fair between the attorney and the client, you may consider the reasons the client discharged the attorney, or, in the event of an attorney's good-cause withdrawal, the attorney's reasons for withdrawing.[2]*

---

[1]       Exact Software N.A., Inc. v. Infocon, Inc., 2012 WL 1142476, at \*14 (N.D. Ohio, Apr. 4, 2012); Reid, Johnson, Downes, Andrachik & Webster v. Lansberry, 68 Ohio St. 3d 570 & Syll. ¶ 2 (1994); Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz, 652 So. 2d 366, 369 (Fla. 1995).

[2]       Reid, Johnson, Downes, Andrachik & Webster v. Lansberry, 68 Ohio St. 3d 570 & Syll. ¶ 2 (1994); Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz, 652 So. 2d 366, 369 (Fla. 1995).

**PROPOSED INSTRUCTION NO. 25:**

**DELIBERATIONS; VERDICT**

On retiring to the jury room, you should select a foreperson.  That member of the jury will preside over your deliberations and sign any communications with the court before the final return of your verdict.  Status as a foreperson does not give that individual any greater weight or say in your deliberations.  You all participate as equals in the discussion.

Only discuss the case when all of you are present in the jury room – and only discuss it in the jury room.  Do not talk with anyone else about the case until after you have returned your verdicts and been discharged.

Your verdict must represent the considered judgment of each juror.

To return a verdict, it is necessary that each juror agree thereto: your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching a verdict if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.

In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans.   You are judges – judges of the facts in this case.  Your sole interest is to seek the truth from the evidence in the case.

I remind you that you can base your verdict only on the evidence that you heard and saw in the courtroom, which includes the exhibits that will be with you in the jury room.  I remind you further that you cannot consider or consult anything that was not evidence.

I have prepared verdict forms for you to sign once you have reached your unanimous verdicts.  Once you have reached your verdicts, fill out the form so that it accurately reflects those verdicts and place the date, time and your signatures on the form.

[Explain forms]

If, during your deliberations, you desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and give the note to the Clerk, who will bring it to my attention.  I will respond as promptly as possible, either in writing or by having your return to the courtroom so that I can address you orally.

With regard to any message or question you might send, never state or specify your numerical division at the time.

If you recess during the day or adjourn for the night, notify the Clerk that you are doing so.  You alone determine when to deliberate.  If you desire meals or other amenities, notify the Clerk.

The mark-up of these instructions and exhibits will be sent to the jury room shortly.[1]

---

[1]        Judge Carr's Instructions in <u>McClain vs. Norfolk Southern Railway Company</u>, Case No. 3:07CV2389; Judge Carr's Instructions in <u>Corbis Corporation v. Nick Starr, et al.</u>, Case No. 3:07CV3741.

## PROPOSED INSTRUCTION NO. 26:

## <u>ONE RECOVERY</u>

As I instructed you earlier, the Waite Firm has presented two theories for payment on its claims for breach of contract based on the occurrence of either or both of two contingencies specified in the Fee Agreement and also a claim for recovery in quantum meruit.

The verdict forms I have given you provide you a set of written questions in which you will be asked to determine whether either one or both of the contingencies was satisfied, and also to determine an award in quantum meruit should you find one or both contingencies were satisfied.

You should consider each contingency separately and, if you find the contingency was satisfied, you will be asked to determine a dollar amount that you find the Waite Firm is owed on that specific contingency.  If you find both contingencies were satisfied, you should assign a dollar amount to each contingency without regard to the dollar amount for other contingency and without regard to the total of the two.

The dollar amount on an quantum meruit award should be separately decided without regard to the amount or amounts you decide with respect to the contingencies.

Under the law, the Waite Firm is entitled to one recovery on is claims even if it has two or more theories of recovery.[2]  The Court will determine the correct amount of damages based upon your findings.

---

[2]    See, e.g., Edward J. Simon & Co. v. Hamilton County, Ohio, 2005 WL 2464661, at *3 (S.D. Ohio, Oct. 5, 2005).

Respectfully submitted,

/s/ Marion H. Little, Jr.
Marion H. Little, Jr.    (0042679)
ZEIGER, TIGGES & LITTLE LLP
3500 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 365-9900
Facsimile: (614) 365-7900
little@litohio.com

*Trial Attorney for Plaintiff*
*Waite, Schneider, Bayless & Chesley Co., L.P.A.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on counsel and the Court's Courtroom Deputy on August 14, 2015, and filed electronically on August 15, 2015, with the Clerk of this Court using the CM/ECF system, which will send notification of such filing to all counsel of record to this action.

/s/ Marion H. Little, Jr.
Marion H. Little, Jr.    (0042679)

959-001:562385