**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| WAITE, SCHNEIDER, BAYLESS & | ) | |
| CHESLEY CO., L.P.A., | ) | |
| | ) | Case No. 1:11-cv-00851-JLG-TPK |
| Plaintiff, | ) | |
| | ) | Judge James G. Carr |
| vs. | ) | Magistrate Judge Terence P. Kemp |
| | ) | |
| ALLEN L. DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Defendant Allen L. Davis ("Davis") hereby submits the following objections to Plaintiff's Proposed Jury Instructions [Doc. #229] in accordance with this Court's Order [Doc. #232]:

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 6 (ADVERSE INFERENCE FROM INVOCATION OF SPOUSAL PRIVILEGE)

Plaintiff proposes the following instruction:

*You are instructed that Mr. and Mrs. Davis have invoked the spousal privilege. The invocation of this privilege precluded the Waite Firm from inquiring about communications between Mr. Davis and his spouse. From the assertion of this privilege, you may infer that had the answers been given they would have supported the Waite Firm's position on that issue and you may draw the strongest inference against Mr. Davis and Mrs. Davis on that question.*

## BASIS FOR DAVIS'S OBJECTION

Davis objects to this proposed instruction because it is not an accurate statement of the applicable law. In a federal case in which jurisdiction is based solely on diversity, the state law regarding privilege applies. *See Surles ex rel. Johnson v. Greyhound Lines, Inc.,* 474 F.3d 288,

00022464.1

296 (6th Cir. 2007) (noting that Rule 501 "directs federal courts sitting in diversity to apply state evidentiary laws" regarding privileges).  Ohio law does not provide for an adverse inference to be drawn when the spousal communication privilege is invoked in a civil matter.  The cases cited by the Waite Firm are from other jurisdictions and do not address Ohio law on the issue.

While Ohio courts have not directly addressed the issue in a civil context, the underpinnings of the privilege and its treatment in the criminal context militate against a conclusion that Ohio courts would allow for an adverse inference upon invocation of the spousal communications privilege.  Ohio courts have recognized that for a privilege to have its maximum desired effect, the possibility of prejudice that may arise against the holder must be minimized.  *See State v. Glasser,* No. 11CA11, 2012 Ohio App. LEXIS 2861, at *20-21 (Ohio App., June 27, 2012) (finding reversible error when the trial court forced the defendant to invoke the spousal communication privilege in front of the jury).  To that end, Ohio law does not allow an adverse inference from the invocation of the spousal communication privilege in a criminal matter.  *Id.*  In fact, curative instructions are required to guard against the drawing of such an inference.  *Id.*

It is true that an adverse inference is permitted in civil cases when a defendant invokes the Fifth Amendment testimonial privilege, but the policy behind the spousal communication privilege is different from the policy underlying the Fifth Amendment.  The purpose of the spousal communication privilege is to preserve and foster an intimate martial relationship and to promote marital unity, stability, and peace.  *See Wolfe v. United States,* 291 U.S. 7, 14 (1934); *United States v. Breton,* 740 F.3d 1, 10 (1st Cir. 2014); *Village of Bentleyville v. Pisani,* 654 N.E.2d 394, 398 (Ohio App. 1995).  Allowing an adverse inference to be drawn from the invocation of the privilege destroys the purpose of the privilege.  If a spouse knows that his or her desire to keep marital communications private could result in adverse inferences being drawn

against him or her, that would have a chilling effect on what a spouse might share – an outcome contrary to the purpose behind the privilege, which is to encourage such communications within a marriage.

Because Ohio does not allow for the proposed instruction, and giving the proposed instruction runs contrary to the underlying policy behind the spousal communication privilege, the Court should not so instruct the jury.

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 14 (BREACH OF CONTRACT – ELEMENTS)

The parties agree to the vast majority of this proposed instruction so Davis will not reproduce the proposed instruction herein. The only disagreement is as to the third element. The Waite Firm proposes the following language: "The Waite Firm had not materially breached the contract at the time of Mr. Davis's breach." Davis proposes the alternative language provided in OJI: "That the Waite Firm substantially performed its duties under the contract."

## BASIS FOR DAVIS'S OBJECTION

Ohio law requires that a plaintiff in a breach of contract case prove that it performed under the contract in order to recover. *See Telxon Corp. v. Smart Media of Del., Inc.,* Nos. 22098, 22099, 2005 Ohio App. LEXIS 4475, at *62 (Ohio App., Sept. 21, 2005); *Lawrence v. Lorain County Community College,* 713 N.E.2d 478, 480 (Ohio App. 1998). Davis believes that the substantial performance language is a more accurate statement of Ohio law and is less likely to confuse the jury than the material breach language.

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 15 (CONTRACT FOR LEGAL SERVICES)

Plaintiff proposes the following instruction:

The contract at issue in this case is an agreement to perform legal services.

One type of contract between an attorney and a client is called a contingency fee agreement.  Under such an arrangement, an attorney is not paid based upon an hourly fee but rather on a percentage of a value or result secured for the client.  *A contingency fee agreement is a legal and appropriate means for a client to compensate an attorney.  The fact that a client can afford to compensate the lawyer on another basis, such as an hourly basis, does not impact the enforceability of the contingency fee agreement.*

I instruct you that the Waite Firm and Allen Davis originally entered into a contingency fee agreement on February 21, 2005.  Then, on August 27, 2005, the Waite Firm and Davis supplemented that agreement.  I will refer to these two documents collectively as the "Fee Agreement."

*You are instructed that there is no requirement under Ohio law for the Waite Firm to secure a written agreement from Mr. Davis.  The agreement could have been oral.  The fact the Waite Firm reduced the Fee Agreement to writing exceeded the requirements under Ohio law.*

### BASIS FOR DAVIS'S OBJECTION

Davis does not object to the majority of this instruction. Davis does, however, object to the last two sentences of the first full paragraph and the last paragraph in its entirety.  The specific objections are as follows:

*A contingency fee agreement is a legal and appropriate means for a client to compensate an attorney.*

Whether or not a contingency fee is generally appropriate is not at issue in this case. The

jury does not need to decide this issue and therefore does not need to be instructed on it.

*The fact that a client can afford to compensate the lawyer on another basis, such as an hourly basis, does not impact the enforceability of the contingency fee agreement.*

This instruction relates to one of the issues still pending before this Court on Davis's Motion for Revised Evidentiary Rulings [Doc. #216]. If the Court does not allow Davis to present evidence and argument on this point then the instruction is not necessary. If the Court allows Davis to present evidence and argument on this point then it would be improper to instruct the jury as to what its conclusion should be on the issue.

Davis's expert, Lawrence J. Fox, has opined that the switch to a contingency fee arrangement was unethical in this context. The Waite Firm would be free to cross-examine him as to the ABA Opinion it cites as support for this instruction. The jury would then be in a position to determine whether it was improper to use a contingency arrangement in this context.

*You are instructed that there is no requirement under Ohio law for the Waite Firm to secure a written agreement from Mr. Davis. The agreement could have been oral. The fact the Waite Firm reduced the Fee Agreement to writing exceeded the requirements under Ohio law.*

This instruction addresses a point not in dispute. Davis has made clear that he does not intend to argue that the Fee Agreement had to be in writing. The jury does not need to decide this issue and giving the instruction is unnecessary and likely to cause confusion. Further, the additional language regarding the Waite Firm exceeding the requirements of the Ohio law is gratuitous and inappropriately skewed towards the Waite Firm. It is not an instruction on the law, but a commentary, and thus improper.

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 16 (GRADUATED PERCENTAGE CONTINGENCY FEE)

Plaintiff proposes the following instructions:

*Davis' Fee Agreement with the Waite Firm provides for a higher contingency fee after a specific benchmark.  For example, a 25% contingency was earned if the matter was settled within one year or 33.3% thereafter.  The payment of a higher contingency fee at advanced stages of a litigation matter are meant to compensate the lawyer for the additional time and labor necessary in the case.  This is an ordinary and reasonable component of a contingency fee agreement.*

## BASIS FOR DAVIS'S OBJECTION

This instruction relates to one of the issues still pending before this Court on Davis's Motion for Revised Evidentiary Rulings [Doc. #216].  Davis's expert, Lawrence J. Fox, opines that such an arrangement in this context was not proper.  The Waite Firm would be free to cross-examine him as to the ABA opinion it cites as support for its proposed instruction. The jury would then be in a position to determine whether the Waite Firm engaged in unethical conduct by including the term in the Fee Agreement.

This is a material fact issue in this case and it would be improper to instruct the jury as to what its conclusion should be on this issue.

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 17 (CONTINGENCY BASED UPON THE SALE OF STOCK OR INJUNCTIVE RELIEF)

Plaintiff proposes the following instruction:

*You are instructed that a lawyer and client can agree to have the attorney compensated on different types of contingencies.  Thus, for example, an attorney can recover a contingency fee based upon the sale of a client's stock or the issuance of injunctive relief.*

*The Waite Firm is entitled to recover its contingency fee if it proves that either or both of two contingencies occurred:*

*(1)    Mr. Davis resolved his claims against CNG by selling his shares, while the Fee Agreement was still in effect, or*

*(2)    The Waite Firm obtained injunctive relief on Mr. Davis' behalf that generated fair value for him, specifically such as offers to purchase his CNG shares.*

*If you find that any of the contingencies set forth in the Fee Agreement were satisfied during its term, you shall determine the amount of the fee to be paid by Davis to the Waite Firm pursuant to the terms of the Fee Agreement.*

## BASIS FOR DAVIS'S OBJECTION

Davis objects to this instruction.  First, the instruction regarding breach of contract informs the jury as to the relevant considerations in deciding the Waite Firm's breach of contract claim.  The jury is perfectly capable of looking at the Fee Agreement and determining whether the Waite Firm performed and whether Davis breached the contract.  This instruction is therefore extraneous.

On top of being extraneous, it is not a proper instruction.  The Waite Firm proposes the instruction in reliance on the Court's April 15 Order [Doc. #190] and the Court's August 14 Order [Doc. #223].  The Waite Firm's reliance, however, is misplaced.  The Court's April 15 Order denied summary judgment to Davis because the Court believed a reasonable jury could find that the Waite Firm was entitled to recover under the Fee Agreement.[1]  In denying Davis's motion, the Court did not mandate that a jury find that the Waite Firm recover pursuant to the Fee Agreement.  By denying Davis's motion, the Court was merely deciding that the issues

---

[1] Davis had moved for summary judgment on the basis that none of the contingencies identified in the Fee Agreement occurred (among other bases).

raised by Davis as to the contingencies were jury questions. If the Court were to now instruct the jury as requested by the Waite Firm it would be going beyond its Order. As to the August 14 Order, the Court reaffirmed its Order that Davis cannot testify regarding his uncommunicated subjective understanding of the Fee Agreement. The Court did not take the issue of whether the Waite Firm is entitled to recover under the Fee Agreement out of the jury's hands. This instruction would do just that.

This instruction should be stricken in its entirety but if the Court believes some form of this instruction should be given then the Court should only give the first sentence and the last sentence of the instruction. Further, the Court should not instruct the jury that fair value to Davis for injunctive relief should be based upon offers to purchase Davis's CNG shares. The Court made it clear that the jury *may* decide that the so-called offers are a legitimate means to value any injunctive relief the Waite Firm may have obtained for Davis, but to instruct the jury to use that method is improper and inconsistent with the Court's prior orders. *See* Order [Doc. #190] at 19. If the jury is in the position to value any injunctive relief, the method by which they perform that task is very much in dispute in this case. Therefore, to instruct the jury that it must consider the so-called offers would be in error.

### PLAINTIFF'S PROPOSED INSTRUCTION NO. 18 (SUCCESS FEE BASED UPON AWARD OF CONTINGENCY FEE)

The Plaintiff proposed the following instruction:

*The Fee Agreement between the parties provides that the Waite Firm was entitled to receive a contingency fee based upon the value of any injunctive relief secured for Mr. Davis, and to the extent the parties could not agree upon the value of the injunctive relief, a third party was to determine the value. You, as the jury, are to determine the value of the injunctive relief.*

## BASIS FOR DAVIS'S OBJECTION

Davis objects to this proposed instruction in its entirety.  The instruction regarding breach of contract informs the jury as to the relevant considerations in deciding the Waite Firm's breach of contract claim.  This is part of the jury's determination whether the Waite Firm performed and whether Davis breached the contract.  Thus the instruction is extraneous and likely to cause confusion and misstates the contract term (a jointly selected third-party neutral was to decide the value).  Further it is not a proper instruction in that it hints that the jury should find some value.

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 19 (CONTINGENCY FEE BASED UPON SETTLEMENT WITH CNG AS IDENTIFIED IN THE COURT'S APRIL 15, 2015, ORDER)

Plaintiff proposes the following instruction:

*If you find that the Waite Firm terminated the Fee Agreement or attorney-client relationship, the Waite Firm is still to entitled to recover on its contract claim and receive a contingency fee based on the settlement reached between Mr. Davis and CNG if you find that any of the following are true:*

1. *The Waite Firm's withdrawal was for good cause, or*

2. *Mr. Davis acted in bad faith to prevent the Waite Firm from performing its obligations under the Fee Agreement, or*

3. *Mr. Davis' instructions to dismiss the dividend injunction amounted to a constructive discharge of the Waite Firm, or*

4. *Mr. Davis' instructions to dismiss the dividend injunction made it impracticable for the Waite Firm to perform its obligations under the Fee Agreement.*

*An attorney withdraws for "good cause" if, where the client states, or the attorney can reasonably infer, that the client no longer consents to continuing an agreed-upon strategy for the*

representation.

The law requires contracting parties to perform contractual duties in good faith. A party proceeds in "bad faith" where it fails to deal reasonably with the other party. You may find that Mr. Davis acted in bad faith if he acted to circumvent his obligation to pay the Waite Firm a contingency fee.

An attorney's withdrawal may be found to be a "constructive discharge" if it appears the actions of the client that caused the withdrawal were motivated by an intent to avoid paying the agreed-upon fee for the attorney's representation of the client, and the attorney remained available thereafter to continue the representation.

If the fundamental premise or assumption upon which the Fee Agreement was based ceases to exist or becomes impracticable to perform, then the Waite Firm's performance would have become impracticable.

## BASIS FOR DAVIS'S OBJECTION

Davis objects to this instruction in its entirety. It is a misstatement of the law and take the Court's April 15 Order out of context. The instruction provides that the Waite Firm could recover under the Fee Agreement if the jury finds any of the enumerated items. The law in Ohio is clear that if the attorney does not represent the client when a contingency occurs, at most the attorney may be entitled to quantum meruit recovery, not recovery under the contract. *See Reid, Johnson, Downes, Andrachik & Webster v. Lansberry*, 629 N.E.2d 431 (Ohio 1994). The issues of bad faith, constructive discharge and the like may factor into a quantum meruit analysis, but recovery under the contract is simply not permitted if the attorney does not represent the client at the time the contingency occurs.[2]

---

[2] If the Court determines that instructions on those issues are necessary as it pertains to quantum meruit, simply defining the terms should be sufficient.

Further, the instruction misstates the standard the jury should use to determine whether the Waite Firm withdrew with or without good cause.  Generally the law governing an attorney's right or duty to merely withdraw from a case and be done with it for good is a different question than an attorney's right to withdraw and then later recover.  *See Lofton v. Fairmont Specialty Ins. Managers, Inc.,* 367 S.W.3d 593, 596 (Ky. 2012); *Rus, Miliband & Smith v. Conkle & Olesten,* 113 Cal. App. 4th 656, 673 (2003).  There is a much lower threshold to simply withdraw from the representation than to withdraw and still receive quantum meruit compensation.  *Lofton,* 367 S.W.3d at 596.

In this case the parties chose to set forth in the Fee Agreement the acceptable reasons for the Waite Firm to withdraw from the representation.  The Fee Agreement allows the Waite Firm to withdraw:

> "[I]f the facts turn out to be other than we have understood them from you,
> if you fail to assist us as we may request in the course of this litigation, or
> if you fail to keep current on our billing for costs and expenses."

The Waite Firm agrees that these are the terms under which it is permitted to withdraw.  *See* Rule 30(b)(6) Deposition of James Cummins [Doc. #122] at 24.  Therefore, the jury should be instructed that if the Waite Firm withdrew for any reason other than those enumerated in the Fee Agreement, it withdrew without cause.[3]  Davis's proposed instruction regarding withdrawal accurately reflects the law on these points and should be adopted in lieu of the Waite Firm's proposed instruction No. 19.

Further, if the Court decides to give a "bad faith" instruction, the instruction should be mutual, not exclusive to either party.

---

[3] The case cited by the Waite Firm in support of its assertion that good cause exists when a client no longer consents to continuing an agreed-upon strategy for the representation (*Affeldt v. Threet*) does not support the Waite Firm's assertion.  In fact, the case involves a client who wrote a letter to her congressman regarding the performance of her attorney and then accused the attorney of taking money from the opposing party.  The case does not speak of agreement (or lack of) regarding strategy.

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 22 (QUANTUM MERUIT – REASONABLENESS OF ATTORNEY FEES)

Plaintiff proposes the following instruction:

*In deciding what is a reasonable amount to award for attorney fees, you may consider*

*number of factors, include the following:*

> (A)     *the time necessarily spent by the attorneys for Mr. Davis;*
>
> (B)     *the novelty and the difficulty of the issues and questions involved in the case;*
>
> (C)     *the skill required to perform the necessary legal services;*
>
> (D)     *the fees customarily charged in the U.S. legal market for similar legal services;*
>
> (E)     *the amount of money involved, the results of the services, or both;*
>
> (F)     *the time limitations or urgencies imposed by the client or by the circumstances;*
>
> (G)     *the experience, reputation, and ability of the attorneys in performing the services;*
>
> (H)     *the necessary expenses incurred by the attorneys in performing the services.*

*As such, the amount of time necessarily spent on the services may be the first factor you consider but it is neither the only measure of reasonableness nor is it necessarily the most important one.  You must take all the facts and circumstances in evidence into consideration in reaching your decision.*

## BASIS FOR DAVIS'S OBJECTION

Davis objects to this instruction in its current form.  The instruction is from the damages section of OJI addressing reasonable attorney's fees as part of a *damage* award, which is not the case herein.  That inquiry is different from the inquiry to be made for quantum meruit recovery.

The measure of damages for quantum meruit in the legal services context is the reasonable *value* of the services provided.  *See Reid, Johnson, Downes, Andrachik & Webster v. Lansberry*, 629 N.E.2d 431 (Ohio 1994).  The determination of the reasonable value of services involves an evaluation of the totality of the circumstances which includes the number of hours worked, the recovery sought, the skill demanded, and the results obtained.  *Id.* at 436.[4]  Therefore the Waite Firm's instruction is not appropriate for determining the reasonable value of services.

The jury should still be instructed as to the factors governing the reasonableness of fees but only to the extent that it is first instructed as to the factors to consider in determining the reasonable value of services.  Whether a fee is reasonable (including an analysis of hourly rates and time spent) is certainly part of the inquiry when determining the reasonable value of services, but there is more to the analysis as set forth in *Reid Johnson.*  The instruction should also be consistent with Ohio Rule of Professional Conduct 1.5, which differs in some respects from the OJI instruction and is more applicable to this situation than the instruction regarding damages awards.  Additionally, any instruction on reasonableness of fees should also include the definition of an unreasonable fee as set forth in Davis's proposed instructions.

Further, when instructing the jury on reasonable fees, the relevant locality is certainly not the "U.S. legal market" as proposed by the Waite Firm.  There may be instances in which the entire nation is the appropriate "locality" but this is not such a case.  The Waite Firm is located in Cincinnati.  The case was filed in Cincinnati in state court.  There is no basis to expand the relevant locality beyond the Cincinnati area.

### PLAINTIFF'S PROPOSED INSTRUCTION NO. 23 (QUANTUM MERUIT – CUSTOMARY FEE WITHIN A LEGAL MARKET)

Plaintiff proposes the following instruction:

---

[4] Davis maintains that the evaluation of the reasonable value of services also includes consideration of the Waite Firm's conduct, including any misfeasance on its part.  Davis addresses this issue in his proposed instructions.

*One of the factors I instructed you to consider in deciding what is a reasonable amount to award for attorney fees is the fees customarily charged in the U.S. legal market for legal services similar to those provided by the Waite Firm.*

*The size of the market you should use for comparison depends on the type of legal services and level of expertise sought by the client.  Although the Waite Firm is located in Cincinnati, you are not restricted to considering rates charged by local attorneys in Cincinnati. Rather, you are free to consider a national market for legal services, an area of specialization, or any other market you believe appropriate to fairly compensate particular attorneys in this case.*

*You are also free to consider the hourly rates charged by the Waite Firm as evidence of the reasonableness of rates because the rate an attorney charges typically reflects the value the marketplace has set on those services, and the attorney's hourly rate will normally reflect the training, background, experience and skill of the individual attorney.*

### BASIS FOR DAVIS'S OBJECTION

Davis objects to this instruction in its entirety.  Davis incorporates his objections to Proposed Instruction No. 22 as to the use of a reasonable fee instruction and the use of a locality other than the Cincinnati area.  Further, the Waite Firm's contention that its hourly rates are evidence of the reasonableness of rates is completely circular – the Waite Firm is basically saying that the rates are reasonable because they are our rates. In addition to the circular nature of the argument in general, it is particularly illogical in this circumstance because:  1) the Waite Firm did at least 90% contingency work so the hourly rates are not being agreed to or paid by the vast majority of its clients (*see* Rule 30(b)(6) Deposition of Stanley M. Chesley [Doc. #126] at 6); and 2) Davis was not informed of nor did he agree to the Waite Firm's hourly rates.

Therefore the jury should not be instructed to consider anything outside of the rates of the local Cincinnati area market and should not be instructed to consider the Waite Firm's hourly rates as evidences of the reasonableness of those rates.

### PLAINTIFF'S PROPOSED INSTRUCTION NO. 24 (QUANTUM MERUIT – ENHANCED RECOVERY)

Plaintiff proposes the following instruction:

*An attorney who substantially performs under a contingency fee contract is not limited to recovering an amount represented by the number of hours expended times the reasonable hourly fee. Instead, you may award higher multiple of that amount if you find, for example, that the challenges presented to the attorneys were unusually difficult, that the attorneys met those difficulties with skill and tenacity, and that the attorneys achieved exceptional results under the circumstances.*

*Additional factors you should consider in determining an award that is fair are the results obtained for, or the benefit conferred on, the client. You may also consider the timing and proximity of the termination of the attorney-client relationship and the client's subsequent resolution of a claim. Also in deciding what is fair between the attorney and the client, you may consider the reasons the client discharged the attorney, or, in the event of an attorney's good-cause withdrawal, the attorney's reasons for withdrawing.*

### BASIS FOR DAVIS'S OBJECTION

Davis objects to this proposed instruction because it is not an accurate statement of the law. Davis agrees that quantum meruit recovery is not capped at the number of hours spent times a reasonable hourly rate and does not object to an instruction in that regard so long as the instruction also reflects that a quantum meruit award can also be less than the number of hours spent times a reasonable hourly rate. As set forth in Davis's objection to Proposed Instruction

No. 22, the measure of damages for quantum meruit in the legal services context is the reasonable *value* of the services provided. *See Reid, Johnson, Downes, Andrachik & Webster v. Lansberry*, 629 N.E.2d 431 (Ohio 1994). The determination of the reasonable value of services involves an evaluation of the totality of the circumstances which includes the number of hours worked, the recovery sought, the skill demanded, and the results obtained. *Id.* at 436.[5] Therefore the reasonable value of services could be more or less than the number of hours spent times a reasonable hourly rate.

<u>**PLAINTIFF'S PROPOSED INSTRUCTION NO. 26 (ONE RECOVERY)**</u>

The propriety of this instruction will be governed by the Court's decisions regarding the other proposed instructions and which set of verdict forms the Court elects to use. Davis does not object to the jury being instructed that the Waite Firm may only receive one recovery on its claims, but the remainder of the instruction may not be appropriate depending on the Court's decisions on other issues. Therefore Davis proposes that the Court wait until the final jury charge to determine what form, if any, of this instruction is appropriate or necessary.

Respectfully submitted,

/s/ *Kevin L. Murphy*_____
Kevin L. Murphy (0021810)
KEVIN L. MURPHY PLLC
2400 Chamber Center Drive, Suite 300
Ft. Mitchell, Kentucky 41017
(859) 578-3060
Email: klmurphy@kevinlmurphylaw.com

and

---

[5] Davis maintains that the evaluation of the reasonable value of services also includes consideration of the Waite Firm's conduct. Davis addresses this issue in his proposed instructions.

Angela Hayden (0070557)
Lauren N. Huizenga (0089497)
THE LAW OFFICES OF BENJAMIN G.
DUSING, P.L.L.C.
50 East RiverCenter Blvd., Suite 820
Covington, Kentucky 41011
(513) 322-1900
Email: ahayden@bgdlaw.com

*Counsel for Allen L. Davis*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2015, I electronically filed the foregoing with the
Clerk of Court using the CM/ECF system which will send notification of such filing to all parties
of record.

/s/ Angela Hayden_____
Angela Hayden (0070557)