IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Waite, Schneider, Bayless
    & Chesley Co., L.P.A.,

        Plaintiff

    v.

Allen Davis,

        Defendant

Case No. 1:11CV851

**ORDER**

This is a collection action brought by the law firm Waite, Schneider, Bayless & Chesley Co. L.P.A., against Allen Davis, a former client.

Pending are Davis's motions to: 1) clarify my order barring him from presenting certain evidence to defend against Waite, Schneider's quantum meruit claim (Doc. 201); 2) revise certain evidentiary rulings (Doc. 216); and 3) bar Waite, Schneider from introducing character witnesses (Doc. 220).

**1. Admissibility of Hamilton County
Malpractice Evidence re. Quantum Meruit Claim**

Davis seeks clarification of my ruling barring him from presenting certain evidence to defend against Waite, Schneider's quantum meruit claim. (Doc. 201); *see Waite, Schneider, Bayless & Chesley Co., L.P.A. v. Davis*, 2015 WL 3505793, *23 (S.D. Ohio) (*Waite, Schneider III*).

In responding to several of Waite, Schneider's motions in limine, Davis had argued he had an unfettered right to present any evidence he wished bearing on the reasonable value of the firm's

services. (*E.g.*, Doc. 176 at 1 n.1) ("[T]he sole remaining claim in this case will be the Waite Firm's quantum meruit claim, in relation to which the law does not circumscribe Davis's right to present evidence.").

This meant, according to Davis, that he could present evidence of Waite, Schneider's alleged malpractice in the Hamilton County Litigation. And this was so, Davis maintained, even though I had granted summary judgment to Waite, Schneider on the malpractice claim after finding: 1) some of the damages Davis claimed were purely speculative; and 2) he had produced no competent evidence, let alone the required expert evidence, to prove proximate cause. *Waite, Schneider, Bayless & Chesley Co., L.P.A. v. Davis*, 2015 WL 1321744, *14-18 (S.D. Ohio) (*Waite, Schneider I*).

Davis cited no pertinent authority to support his contention,[1] and I therefore held my ruling barring him from presenting this evidence *vis-a-vis* the breach-of-contract claim, *see Waite, Schneider III*, *supra*, 2015 WL 3505793, at *2-4, applied equally to his effort to defend against the quantum meruit claim.

In seeking clarification, Davis argues I contradicted my decision in *Exact Software v. Infocon Sys.*, 2011 WL 2490594 (N.D. Ohio), which held that "attorney misconduct is highly relevant to determining the reasonable value of a lawyer's services on a quantum meruit basis[.]" (Doc. 214 at 2). Davis then asserts that, because the firm's alleged malpractice is "highly relevant" to determining the reasonable value of its services, I must allow him to present that evidence.

The argument is meritless.

---

[1] The two cases he relied on, *Mestetzko v. Elf Motor Co.*, 119 Ohio St. 575 (1929), and *Charles Gruenspan Co. v. Thompson*, 2003 WL 21545134 (Ohio App.), recognized only that a party opposing a quantum meruit claim may raise, as a defense, any matter, legal or equitable, tending to show the party seeking the equitable recovery is not entitled to it.

Davis is correct that "[a] lawyer's improper conduct can reduce or eliminate the fee that the lawyer may reasonably charge." *Exact Software*, *supra*, 2011 WL 2490594, at *6.

But there is no contradiction between that very general principle and my more specific ruling barring Davis from presenting evidence of the alleged Hamilton County malpractice. That is so, because *Exact Software* does not address the issue this case raises: whether evidence of attorney malpractice that is inadmissible as a matter of state law, due to a lack of competent evidence to prove the claim, is nevertheless admissible for purposes of defending against a quantum meruit claim.

As I explained in *Waite, Schneider I*, *supra*, 2015 WL 1321744, at *15-18, Davis failed to introduce any evidence from which a reasonable jury could find Waite, Schneider's misconduct in the Hamilton County Litigation proximately caused his alleged damages.

Without sufficient evidence even to permit a jury to consider the malpractice claim, Davis has no basis to contend the jury should nevertheless be able to consider how the firm's acts or omissions in the Hamilton County Litigation affected the reasonable value of its services. With no competent evidence to guide its deliberations, the jury could only speculate how, if at all, Waite, Schneider's malpractice compromised the value of its work. *Cf. Gioffre v. Simakis*, 72 Ohio App. 3d 424, 428 (1991) ("The measure of recovery is the reasonable value of the services rendered, which must be proven by competent credible evidence presented at trial. Where no such evidence is presented, the court cannot simply substitute its own knowledge and expertise.").

In relying on *Exact Software*, moreover, Davis has glossed over an important factual distinction between that case and this one.

The client in *Exact Software*, *supra*, 2011 WL 2490594, at *5-6, had brought a malpractice claim against its former attorney, but a state court ruled the claim was untimely. Nevertheless, given

3

the well-established principle that limitations periods merely keep stale claims out of court – they do not extinguish otherwise valid defenses, *e.g.*, *U.S. v. W. Pac. R.R. Co.*, 352 U.S. 59, 72 (1956); *Waite, Schneider III*, *supra*, 2015 WL 3505793, at *2 (recognizing this distinction under Ohio law) – I allowed the client to introduce evidence of the lawyer's ethical lapses to defend against the lawyer's quantum meruit claim.

*Exact Software* is inapplicable here, however, because it is not a limitations period that bars the jury from hearing about the alleged Hamilton County malpractice, but rather the absence of any competent evidence on an element of the claim itself.

Davis has now had three bites at the apple – an opposition to the motion in limine, the motion for clarification, and a reply in support of the latter request – to persuade me to admit, for purposes of the quantum meruit claim, the otherwise inadmissible evidence of Waite, Schneider's alleged malpractice in the Hamilton County Litigation.

Because Davis, whose arguments become increasingly less persuasive the more he repeats them, fails again to get me to change my mind, he may not present evidence of the firm's putative malpractice in the Hamilton County Litigation – namely, the firm's failure to pursue the money-damages claims and its alleged failure to prepare for trial – to defend against the quantum meruit claim.[2]

---

[2] I also reject Davis's claim that I granted Waite, Schneider's motion in limine based on a misunderstanding of his argument opposing the motion. In his motion for clarification, Davis claims he has never asserted "he should be able to present evidence that is properly excludable under Ohio law or the Federal Rules of Evidence (a contention the Court seems to think Davis was making in his responses to the Waite Firm's various motions in limine)." (Doc. 214 at 3).

There was no misunderstanding: that was precisely Davis's argument, which, to quote, was: "the law does not circumscribe Davis's right to present evidence" on Waite, Schneider's quantum meruit claim, and, "in any event, any and all evidence relating to all components of Davis's malpractice

## 2. Request for Revised Evidentiary Rulings

Davis also asks me to revise certain rulings I made in my order disposing of the parties' motions in limine. (Doc. 216).

### A. Waite, Schneider's Obligation to Represent Davis in the non-Hamilton County Litigation

At the core of this case is whether the contract at issue – the fee agreement, as supplemented, between the firm and Davis – limited the firm's obligations, and its entitlement to a contingency fee, to the Hamilton County Litigation, or whether it required Waite, Schneider to handle the non-Hamilton County Litigation.

The engagement letter, which Waite, Schneider drafted, expresses the firm's commitment to Davis "to represent you in connection with your claims and the potential lawsuit referenced above." (Doc. 182-1 at 1). The letter contains no further reference to "the potential lawsuit," but its subject line states "Claims Relating to CNG Investments." (*Id.*).

In sum, this contract is unclear as to the scope of Waite, Schneider's duties. That being so, it is, as a matter of law, ambiguous, leaving it for the jury to interpret in light of admissible evidence.[3]

---

claim is fair game for purposes of the Court's 'weighing of the equities' in connection with consideration of the Waite Firm's quantum meruit claim." (Doc. 176 at 1 n.1, 4).

[3] Waite, Schneider asserts my prior orders – those granting it summary judgment on the non-Hamilton County Litigation malpractice claim on statute of limitations grounds, and barring Davis from using evidence of the alleged malpractice in the non-Hamilton County Litigation to present a set-off or recoupment defense to the firm's claim of entitlement to a fee on the contract – have resolved this issue against Davis.

I disagree: my earlier orders resolved neither the scope of Waite, Schneider's duties nor whether evidence extrinsic to the contract itself on that topic was relevant to the breach-of-contract claim.

To prevail on its breach of contract claim, Waite, Schneider must prove "the existence of a contract, [its] performance under the contract, [Davis's] breach, and resulting damages." *Martin v. Jones*, --- N.E.3d ----, 2015 WL 4709438, *7 (Ohio App.). An essential element of the firm's claim, then, is that it "performed its contractual obligations." *Spectrum Benefit Options, Inc. v. Med. Mut. of Ohio*, 174 Ohio App. 3d 29, 40 (2007).

If at trial the jury reads the agreement as Waite, Schneider desires and finds that it performed its obligations, the firm will be entitled to recover in accordance with the contract's contingent-fee provision. That's what the contract provides.

If the jury finds that Waite, Schneider obligated itself to handle what became the non-Hamilton County Litigation, the measure of damages will be quantum meruit – the value to Davis of the services it performed in the Hamilton County Litigation.

### B. Quantum Meruit Evidence

As I explained at the August 24 status conference, I cannot rule in advance of trial on what evidence is or is not admissible on the issue of quantum meruit damages.

It's up to Waite, Schneider to meet the burden of proof on that issue. Davis, in turn, can present evidence that what he got in that litigation was less than what Waite, Schneider claims he got. I will determine at trial just what of what the parties offer goes to the jury.

Having reached that conclusion, I will bifurcate the trial into separate liability and damage phases. Once the jury tells us who wins on the breach of contract claims, I can then instruct it properly and pertinently on the measure of damages. I also presently anticipate that I would proceed immediately after the return of the liability verdict to instruct the jury as to damages and proceed with the presentation of evidence on that issue.

This step-by-step approach, I believe, will make the jury's job vastly easier. It will be able to compartmentalize the evidence and the issues to which it relates; there will be less danger of its losing its way on the route to a fair, just, and sustainable verdict. It will make the jury instructions shorter, less complicated, and more comprehensible. It should shorten the length of the trial, as it will avoid the need for the parties to offer and challenge damages evidence relating to two disparate theories.

For these reasons, I grant Davis's motion in part and otherwise hold it in abeyance.

### 3. Motion in Limine re. Character Evidence

Davis seeks to preclude Waite, Schneider from calling three witnesses to testify about attorney Stanley Chesley's reputation for truthfulness. (Doc. 220).

After I ruled Davis could impeach Chesley with the fact of his disbarment and the specific ethical violations bearing on Chesley's character for truthfulness, *Waite, Schneider III*, *supra*, 2015 WL 3505793, at *9-*10, Waite, Schneider disclosed that it intended to call three witnesses "as to character issue: Judge Robert [*sic*] Nadel, Father Mike Graham, and Mark Mallory." (Doc. 227-2 at 1).

Davis objects to this testimony on grounds that: 1) Fed. R. Evid. 608(b) bars the witnesses from testifying to specific instances of Chesley's reputation for truthfulness; 2) Fed. R. Evid. 404(a)(1) prohibits Waite, Schneider from using these witnesses' testimony to show Chesley acted in conformance with his alleged reputation for truthfulness; 3) Waite, Schneider, as a "corporate entity," is not entitled to introduce character evidence under Rule 404(a); 4) Waite, Schneider's disclosure of these witnesses was untimely; 5) Father Graham's and Mr. Mallory's testimony is irrelevant because neither witness has knowledge of the events giving rise to this lawsuit; and 6) the

7

Ohio Rules of Judicial Conduct prohibit Judge Nadel, who presided over the Hamilton County Litigation, from testifying in this case.

### A. Rule 608

First, there is no merit to Davis's objection under Rule 608(b).

In its opposition to Davis's motion, Waite, Schneider represents the proposed character witnesses will not testify about specific instances of Chesley's truthfulness, which Rule 608(b)(1) forbids. (Doc. 227 at 2). Rather, they will opine on Chesley's "reputation for having a character for truthfulness," which Rule 608(a) permits.

Because Davis does not dispute he has attacked and otherwise placed Chesley's character for truthfulness at issue, this is a permissible use of Rule 608(a). *See* Fed. R. Evid. 608(a) ("But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.").

### B. Rule 404

Second, Davis's objections under Rule 404(a)(1) are also meritless.

As Waite, Schneider accurately points out, it is not Rule 404(a) that authorizes the firm to call character witnesses *vis-a-vis* Chesley's reputation for truthfulness. Rather, Rule 404(a)(3) provides "[e]vidence of a witness's character may be admitted under Rules 607, 608, and 609." And, as just seen, Rule 608(a) permits the firm to elicit an opinion from Father Graham, Mr. Mallory, and Judge Nadel as to Chesley's reputation for truthfulness.

Because Waite, Schneider seeks to introduce this evidence to prove Chesley's character for truthfulness, rather than its own reputation for truthfulness, I need not decide whether the firm's status as a "corporate entity" precludes it from calling the proposed character witnesses.

### C. Timeliness of Waite, Schneider's Disclosure

Third, I reject Davis's argument the disclosure was untimely.

Waite, Schneider disclosed these witnesses on July 17, 2015. This was little more than six weeks after my ruling permitting Davis to impeach Chesley, and six weeks before the trial date. It may be that Waite, Schneider could have, and should have, disclosed these witnesses much sooner, once the firm received my June 3 order and decided on calling the witnesses.

But the record before me refutes Davis's claim the delay prejudiced him.

Davis argues the belated disclosure "has deprived [him] of the ability to prepare for their testimony and to cross-examine that testimony." (Doc. 220 at 6). Davis also notes the witnesses are all, more or less, public figures who are "difficult to reach by reason of their position." (*Id.*).

Marion Little, one of Waite, Schneider's attorneys, has responded to these assertions with a declaration stating: 1) on August 3, at the request of the general counsel for Xavier University – where Father Graham is President – he contacted Davis's attorneys to facilitate a meeting with Fr. Graham, but Davis's attorneys did not respond to the offer; and 2) he has contacted Mr. Mallory and Judge Nadel, both of whom informed Mr. Little that Davis's attorneys had not been in touch about their proposed testimony.

Although Davis filed a reply in support of his motion in limine, he did not address Mr. Little's assertions.

More than a month has now passed since Waite, Schneider disclosed these witnesses, yet Davis has not made contact with Mr. Mallory or Judge Nadel, and he has not accepted Mr. Little's offer to schedule a meeting with Father Graham.

9

In these circumstances, which raise doubts about the *bona fides* of Davis's original motion, at least with regard to his claim of prejudice, I decline to bar Waite, Schneider from calling the proposed witnesses on the basis of alleged prejudice to Davis. Any prejudice that might ensue from the anticipated testimony will entirely be self-inflicted.

### D. Knowledge of the Underlying Case

Fourth, there is no requirement that Mr. Mallory or Father Graham have knowledge of the facts giving rise to the Hamilton County Litigation or this fee dispute to testify to Chesley's reputation for truthfulness. The relevance of their testimony turns not, as Davis seems to think, on their familiarity with Chesley's involvement in the underlying case, but on their familiarity with Chesley's reputation or character for truthfulness.

### E. Ohio Code of Judicial Conduct

Fifth, and contrary to Davis's contention, the Ohio Code of Judicial Conduct does not prohibit Judge Nadel from testifying as a character witness.

Rather, the Code provides "[a] judge shall not testify as a character witness in a judicial, administrative, or other adjudicatory proceeding or otherwise vouch for the character of a legal proceeding, except when duly summoned." Oh. Code of Judicial Conduct 3.3.

As I read the Rule, it prohibits Judge Nadel or another judge from volunteering his services as a character witness. It does not bar such testimony when the judge has received a subpoena summoning him to court.

This understanding accords, moreover, with the official comment to the Rule, which states "[a] judge who, *without being subpoenaed*, testifies as a character witness abuses the prestige of

10

judicial office to advance the interests of another." Comment 1, Oh. R. Judicial Conduct 3.3 (emphasis added).

Finally, Waite, Schneider has represented it has no intention of eliciting testimony from Judge Nadel "concerning the events or facts of the Hamilton County Action," over which Judge Nadel presided. (Doc. 227 at 2 n.1). I will hold the firm to its representation. To that end, counsel for Waite, Schneider shall advise Judge Nadel to refrain from making any reference to his personal professional experiences with Mr. Chesley, and neither party shall ask any questions likely to disclose either his personal, professional experiences generally or his role in the Hamilton County Litigation.[4]

Subject to the foregoing conditions, I overrule Davis's motion in limine re. character witnesses.

---

[4] This does not preclude counsel from establishing, assuming such is the case, that Mr. Chesley and Judge Nadel are acquainted personally and have dealt with one another professionally. If such testimony occurs, counsel shall make clear to the jury that Judge Nadel is testifying, not on the basis of his personal experiences, but with regard to reputation in the community.

**Conclusion**

It is, therefore,

ORDERED THAT:

1. Davis's motion for clarification of evidentiary rulings (Doc. 201) be, and the same hereby is, denied;

2. Davis's motion for revised evidentiary rulings (Doc. 216) be, and the same hereby is, granted in part as specified herein and otherwise held in abeyance; and

3. Davis' motion in limine re. character evidence (Doc. 220) be, and the same hereby is, denied.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge