## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A., | ) ) ) | Case No.: 1:11-cv-00851 |
| Plaintiff, | ) ) ) | Judge Carr |
| vs. | ) ) ) | Magistrate Judge Kemp |
| ALLEN L. DAVIS. | ) ) ) | **MEMORANDUM IN RESPONSE TO SHOW CAUSE ORDER OF THE LAW OFFICES OF BENJAMIN G. DUSING, PLLC, AND ANGELA HAYDEN** |
| Defendant. | ) ) | |

Now comes the Law Offices of Benjamin G. Dusing, PLLC, and Angela Hayden (hereinafter "Attorney Hayden"), by and through their undersigned Counsel, and respectfully submit their response to this Court's Show Cause Order of February 5, 2016 (Doc #271). As Attorney Hayden will establish below, the attorneys representing Defendant Allen L. Davis have not engaged in a fraud upon this Court and would therefore respectfully request an order from this Court recognizing that Attorney Hayden and her firm did not participate in any such activity and dismissing them from the show cause proceedings. At the outset it should be noted that Attorney Hayden incorporates herein by reference any and all arguments asserted by the other parties to the show cause order relative to this Court's jurisdiction in these proceedings. However, if this Court determines that it has jurisdiction to proceed, Attorney Hayden respectfully submits the following Memorandum addressing the substantive elements of a "fraud upon the court" and the analysis as to why Attorney Hayden has not participated in such activity. Attorney Hayden's position is more fully set forth in the attached Memorandum in Response.

00024797.1

Respectfully submitted,

/s/ Joseph W. Borchelt
Joseph W. Borchelt, Esq. (0075387)
REMINGER CO., LPA
525 Vine St., Suite 1700
Cincinnati, OH 45202
T: 513-721-1311
F: 513-721-2553
E-mail: JBorchelt@reminger.com
*Counsel for the Law Offices of Benjamin G. Dusing, PLLC, and Angela Hayden*

## MEMORANDUM IN RESPONSE

**I. BACKGROUND**

As this Court is aware, the instant matter began as a fee dispute between the Plaintiff firm and Defendant Davis. Stan Chesley[1] is or was a principal of the Plaintiff firm and Attorney Hayden represented Defendant Davis in that action. The matter was tried the last week of August 2015, but the jury deadlocked on the first two issues it was to decide. (See Show Cause Order, Doc #271, at p. 1). At that time, the parties obviously had not concocted any scheme to defraud Mr. Chesley's creditors via settlement, as the parties were in the process of trying the case and the suggestion of settlement came from this Court. (Id). The parties reached a settlement on September 4, 2015.

Prior to trial and settlement in this case, Chesley was embroiled in his own litigation in both Kentucky and Ohio. Attorney Hayden's knowledge of those cases was limited to general knowledge that there was a judgment in the Kentucky case against Chesley and that the Boone Circuit Court issued an order on June 23, 2015 addressing Chesley's beneficial interest in the Waite Firm (addressed more fully below). However, a review of the public record also reveals the following information.

---

[1] Mr. Chesley was not a party to the instant case at the time of trial or settlement.

00024797.1

On August 1, 2014, Chesley was held jointly and severally liable for a $42 million judgment against his co-counsels in the Fen Phen litigation. (See Doc #262, at Exhibit A). A little over 5 months later, on January 14, 2015, Judge Robert P. Ruelhman of the Hamilton County Court of Common Pleas issued a Restraining Order which held: (A) Chesley's creditors' attorney could not take action in Ohio to enforce the KY judgment; (B) the attorneys could not serve Chesley with asset related discovery in Ohio; (C) the attorneys could not register or domesticate the Chesley judgment in Ohio; (D) the attorneys were enjoined from taking any action to collect the Ohio judgment; and (E) the attorneys were enjoined from issuing subpoenas in Ohio. (Id., at Exhibit F). It appeared at this time that the Boone County Circuit Court was attempting to assist Chesley's creditors with their collection efforts, while the Hamilton County Court of Common Pleas was attempting to block them.

Consistent with that theme, the Boone Circuit Court issued an Order on June 23, 2015 which held that Chesley must transfer his beneficial interest in the Plaintiff Firm to the Chesley creditors, and that any monies due to Chesley were to be turned over to the creditors' counsel. (Doc # 262, at Exhibit C). On or about July 7, 2015, one of the attorneys for the Chesley creditors provided the June 23rd Order to Attorney Hayden. Attorney Hayden recalls telling the creditors' counsel in a brief subsequent phone call that settlement was unlikely at that time. (See Doc # 265, at Exhibit 1, at ¶8).[2] As such, at the time the instant litigation settled on September 4, 2015, at this Court's urging, Attorney Hayden was aware of the June 23, 2015 Order from a Kentucky court which required non-party Stan Chesley to turn over to the creditors' Counsel any fees that were due to him from his former firm.

---

[2] Which was obviously an accurate averment at that time as the matter proceeded to trial in August.

00024797.1

After the settlement was reached, on September 17, 2015, the Ohio Supreme Court stayed Judge Ruehlman's prior Order which essentially prohibited the creditor's attorneys from attempting to collect on the judgment and conduct discovery in Ohio relative to the judgment. Again, it appeared on September 4, 2015, at the time settlement was reached, that the creditors of Chesley were prohibited from attempting to enforce the Chesley judgment in Ohio or from conducting discovery relative to collection efforts. In fact, the Boone Circuit Court's September 25, 2015 Order only further highlights this Ohio v. Kentucky dispute relative to the creditors' attempt to collect from Chesley. In that Order, Judge James R. Schrand made note of the dispute between Kentucky and Ohio as to whether Chesley had control of the Plaintiff firm during the creditors' collection efforts. (See Doc #262, at Exhibit D, p. 2). In fact, Judge Schrand noted at one point that Judge Ruehlman had ordered the Plaintiff firm "to disregard and not effectuate any of the Kentucky Orders". (Id). An observer of this interstate dispute would likely be left with the impression that there is some dispute between Ohio and Kentucky relative to what Chesley owes the creditors and what the creditors are permitted to do to collect.

In any event, Attorney Hayden was never provided with or was otherwise aware of the September 25, 2015 Order from the Boone Circuit Court. Moreover, the Stipulation of Dismissal in the instant action was entered one day before the September 25th Order, on September 24, 2015. (See Doc #258).

There was also activity after settlement relative to the creditors' collection efforts, of which Attorney Hayden had no knowledge or involvement, but which puts the current dispute into perspective.[3] Despite their knowledge of the case before this Court, Counsel for the Chesley

---

[3] Specifically, on October 2, 2015, the Chesley Creditors filed a miscellaneous action in Ohio in order to serve subpoenas on Chesley's former partners and their new firm. (Doc #262, at Exhibit H). However, Judge Steven Martin of the Hamilton County Court of Common Pleas stayed enforcement of the subpoenas on October 19, 2015. (Id., at Exhibit I). As of October of 2015 a legal determination had been made that the Chesley creditors were prohibited from

00024797.1

Case: 1:11-cv-00851-JGC-TPK Doc #: 278 Filed: 02/22/16 Page: 5 of 14 PAGEID #: 11716

Creditors never entered an appearance in the instant case or otherwise sought to assert the creditors' rights during the pendency of the action, while settlement was pending, or following the stipulation of dismissal in September of 2015. The stipulation of dismissal was a public record accessible to the creditors' counsel, much like the Ohio and Kentucky Orders relative to creditor collection efforts were public records. In any event, the Chesley creditors, via Attorney Brian Sullivan, filed a Motion to Disclose Settlement in this case on December 1, 2015, requesting: (1) that the details of the settlement be disclosed; and (2) that any funds from settlement be paid to the creditors' counsel for their benefit. (Doc #262). The Chesley creditors sought to evaluate whether the parties' attorneys orchestrated a settlement in an effort to avoid the Orders of the Kentucky court, which at this time has been established clearly was not the case. Nor does it appear at this time as if the Chesley creditors are making an allegation of fraud against Attorney Hayden.

In any event, the next day, December 2, 2015, the Chesley creditors, through Attorney Angela Ford, served a subpoena upon Attorney Hayden, and following a brief period of attempting to negotiate a protective order, Attorney Hayden *fully cooperated* with the subpoena response, notwithstanding the Ohio/Kentucky debate as to whether the creditors could conduct collection related discovery and issue collection related subpoenas. In fact, Attorney Hayden's full cooperation in these proceedings at all times was manifested in the December 28, 2015 Response to the creditors' Motion to Disclose Settlement. Attorney Hayden informed this Court and the parties that there was no objection to the Court viewing the settlement terms, as long as confidentiality relative to the amount of settlement was maintained. (Doc #265, at FN 1). Attorney Hayden is and remains cooperative in this Court's efforts to evaluate whether a fraud has been perpetrated upon this Court.

---

conducting collection related discovery in Ohio. Around this same time frame, this Court entered its Order of dismissal on October 9, 2015. (Doc #260).

## II. LEGAL ANALYSIS

**Attorney Hayden did not perpetrate a fraud upon the Court.  As set forth below, Ms. Hayden did not conceal from the court something that she had a duty to disclose.**

### A. <u>Standard and Elements for Fraud Upon the Court</u>

Fraud on the court refers to "the most egregious conduct involving a corruption of the judicial process itself." *General Medicine, P.C., v. Horizon/CMS Health Care Corp.,* 475 Fed.Appx. 65, 71, 2012 WL 1181486 (6th Cir. 2012), citing 11 Charles Alan Wright et al., Federal Practice & Procedure § 2870 (West 2011) (collecting cases). Treatises speak of such flagrant abuses as bribing a judge, employing counsel to exert improper influence on the court, and jury tampering. *Id.* § 2870; Moore's Federal Practice § 60.21[4][a]. Although not doctrinally limited to such criminal acts, courts recognize the extraordinary nature of the remedy and caution against expansive use of the doctrine. *Id.* In *Demjanjuk v. Petrovsky,* the 6th Circuit observed that:

> [f]raud upon the court should ... embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct.

10 F.3d 338, 352–53 (6th Cir.1993) (citation omitted). Accordingly, cases in this jurisdiction require a party seeking to show fraud on the court to present ***clear and convincing*** evidence of the following elements: "1) [conduct] on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court." *Johnson v. Bell,* 605 F.3d 333, 339 (6th Cir.2010); (quoting *Carter v. Anderson,* 585 F.3d 1007, 1011–12 (6th Cir.2009)). "In practice, this means that even

00024797.1

fairly despicable conduct will not qualify as fraud on the court." *General Medicine,* 475 Fed.Appx. at 71, citing Moore's Federal Practice § 60.21[4][c].

In the instant matter, this Honorable Court has not determined that a fraud upon the court has occurred with respect to the settlement which has been entered. (Doc #271, at FN 5). Rather, this Court desires "[t]o conduct a full and fair inquiry to determine one way or the other" whether a fraud upon the court has occurred. (Id). "I cannot foresee where such inquiry may lead me or what it may disclose or predict its outcome." (Id). This Court's February 5, 2016 Show Cause Order appears to be aimed at eliciting further inquiry into the fourth element of the fraud upon the court analysis (i.e. a positive averment or a concealment when one is under a duty to disclose), in questioning whether counsel for the parties were under an obligation to disclose to the Court the prior Orders of the Kentucky Circuit Court relative to Mr. Chesley's creditors. (Id., at pp. 5-6). As the following analysis will address, Attorney Hayden did not violate a duty to disclose information to this Court, and the other critical elements of a fraud upon the court are lacking as well. For these reasons, Attorney Hayden respectfully requests that this Court clear Attorney Hayden of any implication of perpetrating a fraud upon the court, and excuse her from these proceedings.

B. **Duty to Disclose**

As noted, an essential element of fraud upon the court is that the officer of the court must have made a false averment to the court or have concealed information from the Court notwithstanding a duty to disclose. See *Demjanjuk v. Petrovsky,* 10 F.3d 338, 348 (6th Cir. 1993); *Johnson v. Bell,* 605 F.3d 333, 339 (6th Cir.2010). Traditionally, a violation of such duty to disclose required a showing of an unconscionable plan or scheme which was designed to influence the court's decision or its ability to impartially adjudicate a matter. See e.g. *Okros v. Angelo Iafrate Const. Co.,* 298 Fed.Appx. 419, 427, 2008 WL 4682613 (6th Cir. 2010); see also 21A Fed. Proc.

00024797.1

L. Ed. § 51:196 – *What Constitutes "Fraud Upon the Court"?* (collecting cases). Such violations only exist where there was evidence of egregious conduct and the doctrine is to be construed narrowly in order to preserve the finality of judgments. *Id.*

Moreover, it has long been held that the mere nondisclosure to an adverse party or the court of facts pertinent to a controversy does not amount to a fraud upon the court. See *H.K. Porter Co. Inc. v. The Goodyear Tire & Rubber Co.,* 536 F.2d 1115, 1118-19 (6th Cir. 1976).[4] Courts also recognize the balance between an attorney's duty to zealously advocate for a client, while at the same time maintaining the integrity of the judiciary. See *Kerwit Medical Products, Inc. v. N. & H. Instruments, Inc.,* 616 F.2d 833, 837 (5th Cir. 1980) (holding party and their counsel in fraud upon the court analysis were not obligated to suggest to the opposition or advise the district court of facts which could perhaps support a defense to the claim prior to settlement being entered). "An attorney is expected to responsibly present his client's case in the light most favorable to the client, and it is not fraudulent for him to do so." *Id.*

This line between advocacy and disclosure was examined by the 6th Circuit in *Brown v. County of Genessee,* 872 F.2d 169 (6th Cir. 1989). In *Brown*, the County of Genessee and its attorneys failed to disclose to the plaintiff prior to settlement an error regarding the pay level that the plaintiff could have obtained. *Id.* at 171. The district court originally found that the consent agreement should be vacated due to the County and its attorneys' legal and ethical obligations to disclose the error to the appellant. *Id.* at 175. In determining that the attorney's non-disclosure did not rise to the level of a fraud upon the court so as to vacate the settlement agreement, the 6th

---

[4] Similarly, allegations of nondisclosure during pretrial discovery are insufficient to support a claim for fraud upon the court. *Id.* at 1118. Nondisclosure by a single witness or party which does not result from a deliberate scheme of misrepresentation falls short of the standard necessary to set aside a judgment due to fraud upon the court. *Dankese Engineering Inc. v. Ionics, Inc.,* 89 F.R.D. 154 (D. Mass. 1981).

00024797.1

Circuit held that the attorney's duty to responsibly represent the client was not trumped by the duty to disclose information which was available in the public record:

> An attorney is to be expected to responsibly present his client's case in the light most favorable to the client, and it is not fraudulent for him to do so…
>
> Although the appellee may have negotiated for a higher settlement figure, the plaintiff's subjective and/or objective desires were of no consequence because the mistake or error of plaintiff's legal counsel in evaluating the wage levels available to Brown resulted from failing to examine and/or a misunderstanding of public records which were available to all individuals.

*Id.* (citations omitted). As such, the non-disclosure of public records did not rise to the level of intentional withholding of information under a duty to disclose, sufficient to trigger the application of the fraud upon the court doctrine. *Id*; see also *Slevin v. Board of Commissioners,* 934 F.Supp.2d 1281, 1287 (D.N.M. 2013) (fraud upon the court sufficient to trigger Civ. R. 60(b) relief not found where counsel's representation of a witness was a matter of public record four months before trial); *Amstar Corp. v. Envirotech Corp.,* 823 F.2d 1538, 1550 (Fed. Cir. 1987) (patentee's failure to disclose publicly available prior art did not constitute a fraud upon the court such that might entitle defendant to relief from judgment).

In the instant case, Attorney Hayden was aware of the June 23, 2015 Order of the Boone Circuit Court, a public record, which held that if monetary payments were made to Chesley, then he and his attorneys were to immediately turn such payments over to Angela Ford, counsel for the creditors. (Doc # 262, Exhibit C, p. 3) Neither Attorney Hayden nor her client were parties to the litigation in which the Order was issued. In order for Attorney Hayden to even consider taking action based on the June 23rd Order, several bare ***assumptions*** must have been made. First, for any concealment to have been fraudulent, Attorney Hayden would have had to *assume* that "monetary payment(s) is/are made to Chesley" in order to trigger the application of the Order. The named Plaintiff in this action was WSBC, and settlement was entered with WSBC. Attorney Hayden had

00024797.1

no reason to think or even wonder whether a payment to WSBC would somehow end up in Chesley's hands.[5]

More notably, even if Attorney Hayden or her client had made payments to Chesley via settlement, which they did not, then they would have had to assume that other parties, "Chesley and his attorney", failed to turn over the funds as required by the Kentucky Court's Order. She had no such knowledge. As noted by the 6th Circuit in the context of disclosure requirements in a fraud upon the court analysis: "[C]ounsel is entitled to rely upon opposing counsel to be forthright, and is not obligated to ferret out the truth of opposing counsel's statements to satisfy due diligence in protecting against an opposing counsel's hoax." *Okros,* 298 Fed.Appx. at 428.[6]

Further, Attorney Hayden's paramount duty was to her own client. It was obviously believed by Attorney Hayden that it was in her client's best interest to resolve the litigation on the terms set forth in the confidential settlement agreement. Any action to thwart the settlement would have been an affront to Attorney Hayden's duties to her client. Attorney Hayden is not bound by the June 23rd Order, but is bound by her ethical obligations to her client pursuant to the Ohio Rules of Professional Conduct. Attorneys in Ohio have a duty to utilize legal proceedings to the fullest benefit of their clients; of course within the bounds of the law. Rules of Prof. Cond., Rule 3.1, Cmt. 1; *Bowen v. Bowen*, 132 Ohio App.3d 616, 725 N.E.2d 1165 (Ohio 9th Dist. 1999) (While professionalism dictates that all counsel represent clients zealously, such vigorous representation must not exceed the bounds of the law, or be motivated by ignoble purpose). One of the most basic

---

[5] It must be noted here that although the settlement agreement in the instant case is confidential, and therefore its terms cannot be disclosed in this public filing, a cursory review of that agreement establishes the veracity of the averments made in this section of the Memorandum. Moreover, upon information and belief, other parties and/or movants intend to utilize the Settlement Agreement as an exhibit in these proceedings. Attorney Hayden submits that a cursory review of the Settlement Agreement will reveal the lack of any fraud on the part of Attorney Hayden.

[6] Attorney Hayden is by no means accusing anyone of a hoax or lack of veracity. Frankly, Attorney Hayden has no knowledge of any payments going to Mr. Chesley or the failure to turn over any payments due to Ms. Ford. Rather, Attorney Hayden is simply pointing out the reasonable belief that any and all attorneys will comply with obligations imposed by law.

responsibilities of a member of the bar is to represent clients with commitment and zealous dedication to the client's interests. See e.g., *In re Moncier,* 550 F.Supp.2d 768, 802 (E.D.Tenn. 2008); Rules of Prof. Cond., Rule 1.3, Cmt. 1.

Any rule mandating action on the part of Attorney Hayden upon the *assumption* that a non-party might violate the mandates of a separate public record sets a dangerous precedent. Was Attorney Hayden to jeopardize the settlement upon the *assumption* that, if Mr. Chesley received money from the settlement, he and his lawyers were going to violate the terms of a court order? Moreover, even if knowledge of all Ohio and Kentucky Orders in place at the time of settlement were to be imputed to Attorney Hayden, one is left with contradictory pronouncements from Ohio and Kentucky courts regarding Chesley's and the creditor's rights and obligations relative to collection of the $42 million judgment.

It is respectfully submitted, based on the above legal authority and the actual facts of this inquiry, that Attorney Hayden did not engage in a fraudulent non-disclosure of a public record which a non-client (and a non-party) may or may not violate at a later date. Attorney Hayden has remained fully cooperative in all proceedings associated with the Court's inquiry and has never fraudulently misrepresented any information to this Court or another party. The failure to disclose the July 23rd Kentucky Order to this Court was not a well-concocted scheme to interfere with this Court's lubrication of the judicial machinery. Rather, she settled a contentious case for her client during the midst of trial in reliance on others' compliance with the law.

C. **Scienter and Reliance by the Court**

Even if Attorney Hayden was under a duty to disclose the July 23rd Kentucky Court Order, the essential elements of a fraud upon the court are still lacking in this case. It should not be lost that the "fraud upon the court" analysis calls for more than simple fraud. An officer of the court

must have intentionally, or in reckless disregard for the truth, engaged in conduct arising to an egregious level. In evaluating this scienter requirement on the part of the officer of the court, courts in this jurisdiction are generally concerned with actions of counsel intended to dupe the court as a result of improper motives. See e.g., *General Medicine,* 475 Fed.Appx. at 72-73. In the instant case, there is no evidence, let alone suggestion, that Attorney Hayden has done anything but negotiate a settlement in the best interest of her client, whose interests were distinctly adverse to those of the person benefited by the possible fraud. There is no evidence of self-dealing, improper motives, collusion, or an attempt to "dupe" this Court. In fact, the circumstances of the settlement belie any allegation of a fraudulent scheme designed to subvert the integrity of the judiciary. To that end, the parties were fully embattled in trial with the original intent of allowing the jury, as opposed to settlement, decide how much the plaintiff firm was owed, if anything. As noted by the Court, settlement discussions were spurned at the Court's suggestion. (Doc # 271, at p. 1). As such, there could not have been a plan or scheme to defraud Chesley's creditors involving Attorney Hayden.

Notably, an abuse of discretion was found in *General Medicine,* a case which involved far less tenuous evidence of a fraud upon the court associated with the failure to disclose to the court a side agreement that one of the settling parties would only pay a fraction of a $365 million judgment. *Id.* at 67; see also *Carter v. Anderson,* 585 F.3d 1007 (6th Cir. 2009) (fraud upon the court was not found where counsel failed to turn over allegedly exculpatory evidence - transcript of a witness interview - to opposing counsel of a death row inmate). In the instant case, there would have been no settlement, and therefore no allegation of fraud by Attorney Hayden, had the case proceeded to verdict.

00024797.1

Additionally, the fraud upon the court analysis requires inquiry into whether the officer of the court's conduct interfered with the judiciary's ability to impartially adjudicate a matter. Stated differently, the question is whether the conduct of counsel actually deceives the court and improperly influences its decisions. *Carter,* 585 F.3d at 1013. In the instant matter, this Court's function was limited to the administrative act of entering an Order of dismissal on October 9th after the parties had already filed a stipulation of dismissal with prejudice on September 24th. The settlement did not interfere with a decision of this Court or its ability to adjudicate a matter, as there was no decision left to be made or adjudication to be had after the parties stipulated that "all claims" were dismissed with prejudice. (Doc. # 258).

While Attorney Hayden respects this Court's decision to make inquiry into the circumstances of settlement, there is simply no evidence that Attorney Hayden was involved in a scheme to interfere with this Court's ability to adjudicate the matter. With the production of documents pursuant to subpoena to Attorney Ford, it is now clear that the terms of the settlement and method of payment did not involve a scheme or fraud. The confidentiality requested by Attorney Hayden's client is standard and not indicative of fraud. In any event, that confidentiality did not prevent the Chesley creditors' counsel from examining the settlement agreement, and communications related thereto, to determine that no fraudulent activity had occurred. Whether and to what extent other parties comply with the Kentucky court's orders, and even whether compliance is mandated, is an issue outside Attorney Hayden's purview. For these reasons, Attorney Hayden respectfully requests an order from this Court clearing her of any wrongdoing, including a fraud upon the court, and dismissing her from these proceedings.

### III.   CONCLUSION

This Court's inquiry was prompted when the Chesley creditors questioned whether "[t]he parties orchestrated the settlement agreement so that the funds were paid to a third party in order

to avoid the Kentucky court's order." (Doc # 262, at p. 2). While such a scheme may be considered a fraud upon the court, there was no such scheme here. The issue of an "orchestrated" scheme was put to rest when the settlement documents and communications were presented to the creditors' counsel. Attorney Hayden respectfully requests that Court close its inquiry relative to whether Attorney Hayden participated in a fraud upon the court, and excuse her from these proceedings.

Respectfully submitted,

/s/ Joseph W. Borchelt
Joseph W. Borchelt, Esq. (0075387)
REMINGER CO., LPA
525 Vine St., Suite 1700
Cincinnati, OH 45202
T: 513-721-1311
F: 513-721-2553
E-mail: JBorchelt@reminger.com
***Counsel for the Law Offices of Benjamin G. Dusing, PLLC, and Angela Hayden***

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically filed this 22nd day of February, 2016 through the Court's CM/ECF system. Notice of filing will be automatically sent to all counsel (and their designees) who have entered their appearance of record and who are registered with this Court's CM/ECF system. Such notice constitutes service by rule.

/s/ Joseph Borchelt
Joseph W. Borchelt (0075387)

00024797.1